IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED ORIGINAL

JAN 2 4 2007

NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

KAREN K. DANIELS
778 Mulberry Street
Macon, Georgia 31201
(478) 741-3000
             Plaintiff.

vs

UNITED STATES OF AMERICA.
By Service on Alberto R. Gonzales,
U.S. Attorney General, 950
PENNSYLVANIA AVE, N.W.
WASHINGTON, DC 20530-00010 and
U.S. ATTORNEY, DISTRICT OF
COLUMBIA, 501 THIRD STREET, NW
WASHINGTON, DC 20001.
TRACI A. LEMBKE, in her individual and
official capacity as Director, Office of
Professional Responsibility [OPR]; IRS,
1111 Constitution Ave., NW, Washington,
D.C.
CONO R. NAMORATO, in his individual
and official capacity as former Director,
OPR; Caplin & Drysdale, ONE Thomas
Circle NW, Ste 1100, Washington, D.C.
20005
OPR, IRS, 1111 Constitution Ave., NW
Washington, D.C. 20224.
BRIAN DOWNING, in his individual
and official capacity as Deputy Director,
OPR; IRS, 1111 Constitution Ave., NW
Washington, D.C. 20224.
KAREN COPELAND, in her individual
and official capacity as Program
Management Analyst, OPR, IRS, 1111
Constitution Ave., NW, Washington, D.C.
20224.

CIVIL ACTION NO.:

_____

JURY TRIAL DEMANDED

CASE NUMBER   1:07CV00176

JUDGE: James Robertson

DECK TYPE: Pro se General Civil

DATE STAMP: 01/24/2007

1

PAT MCDONOUGH, in his individual          :
and official capacity as Executive Director, :
OPR, Joint Board for the Enrollment of    :
Actuaries, IRS, 1111 Constitution Ave.,   :
NW, Washington, D.C. 20224.               :
KEITH OTT, in his individual and official :
capacity as Enforcement Attorney, OPR,    :
IRS, 1111 Constitution Ave., NW           :
Washington, D.C. 20224.                   :
EARL PRATER, in his individual and        :
official capacity as Enforcement Attorney, :
OPR, IRS, 1111 Constitution Ave., NW      :
Washington, D.C. 20224.                   :
JACKIE S. PRATER, in her individual       :
and official capacity as Paralegal, OPR;  :
IRS, 1111 Constitution Ave., NW           :
Washington, D.C. 20224.                   :
SCOTT ROSENZWEIG, in his individual       :
and official capacity as Enforcement      :
Attorney, OPR, IRS, 1111 Constitution     :
Ave., NW, Washington, D.C. 20224.         :
EILEEN M. SHATZ, in her individual        :
and official capacity as Acting Chief,    :
Enforcement Branch, OPR,I RS, 1111        :
Constitution Ave., NW, Washington,        :
D.C. 20224.                               :
STEPHEN A. WHITLOCK, in his               :
individual and official capacity as       :
Deputy Director, OPR, IRS, 1111           :
Constitution Ave., NW, Washington,        :
D.C. 20224.                               :
KEITH ANDERSON, in his individual         :
and official capacity as CHIEF            :
ENFORCEMENT BRANCH, OPR,               :
IRS, 1111 Constitution Ave., NW           :
Washington, D.C. 20224.                   :
DAVID MAURICE FINZ, Sr., in his           :

individual and official capacity as Sr.          :
Enforcement Attorney, OPR, IRS, 1111             :
Constitution Ave., NW, Washington,               :
D.C. 20224.                                      :
JONATHAN HUTH, in his individual                 :
and official capacity as Staff Attorney,         :
OPR, IRS, 1111 Constitution Ave., NW             :
Washington, D.C. 20224.                          :
WILLIAM J. DANIEL, in his individual             :
and official capacity as Revenue Agent,          :
[RA], Internal Revenue Service [IRS],            :
Maitland, Florida.                               :
CAROLYN J. BRADSHAW, in her                      :
individual and official capacity as IRS          :
Contact Representative, Philadelphia, PA         :
and  DEPARTMENT MANAGER,                         :
Centralized Authorization File [CAF]/POA;        :
CATHY E. CHAGAMI, in her individual              :
and official capacity as IRS Policy and          :
Program Analyst, SBSE, Customer                  :
Accounts Services, Latham, Maryland.             :
JANET M. EASON, in her individual                :
and official capacity as IRS Lead Tax            :
Examining Technician, Memphis, TN                :
KURTIS B. HAUGEN, in his individual              :
and official capacity as IRS Tax                 :
Examining Technician, Ogden, Utah.               :
CONNIE HEAVENRIDGE, in her                       :
individual and official capacity as              :
IRS Supervisor, Information Technologies,        :
Detroit, Michigan.                               :
VIVIAN JOHNSON, in her individual and            :
official capacity as IRS CAF Specialist,         :
Supervisory Tax Examiner, Memphis, TN.           :
PAMELA J. MILLER, in her individual              :
and official capacity as IRS Information         :
Technical Specialist, Detroit, Michigan.         :

3

JUDY J. WRIGHT, in her individual and      :
official capacity as IRS Support Services    :
Specialist, Ogden, Utah.                     :
KAREN M. ALIBOZEK, in her individual  :
and official capacity as IRS RA, SBSE,       :
IRS, 600 North Avenue, Bldg. C.,             :
Macon, Georgia31211.                         :
EUGENE K. BUCHS, in his individual         :
and official capacity as IRS Program         :
Manager, Tampa, Florida.                     :
DAVID C. CAPPS, in his individual and     :
official capacity as IRS Supervisory RA,     :
Gainesville / Ocala, Florida Group.          :
KENNETH E. COLT, in his individual        :
and official capacity as IRS RA, Maitland,   :
Florida.                                     :
ROBERT T. COMBS, in his individual        :
and official capacity as IRS RA, Maitland,   :
Florida.                                     :
JEANETTE CZACHUR, in her individual      :
and official capacity as IRS RA, Sarasota,   :
Florida.                                     :
MARK T. FENTON, in his individual and    :
official capacity as IRS RA, Lead            :
Development Center, Laguna Niguel,           :
California.                                  :
PATRICIA L. GRIMES, in her individual    :
and official capacity as IRS RA, West        :
Palm Beach, Florida.                         :
ELIZABETH L. LEUTHOLD, in her            :
individual and official capacity as IRS      :
Disclosure Specialist, Jacksonville,         :
Florida.                                     :
MONICA J. MILLER, in her individual      :
and official capacity as Attorney, IRS       :
Office of Chief Counsel, Jacksonville,       :
Florida.                                     :

4

MELANIE ROMANO, in her individual          :
and official capacity as IRS Disclosure    :
Specialist, Plantation, Florida.           :
CASSANDRA SPORTS, in her individual        :
and official capacity as IRS RA,           :
Gainesville, Florida.                      :
SUZANNE TOLEDO, in her individual          :
and official capacity as IRS RA,           :
Melbourne, Florida.                        :
BRUCE DICKINSON, in his individual         :
and official capacity as IRS Program       :
Manager, Jacksonville, Florida.            :
TERRELL SALVATORE, in his                  :
individual and  official capacity as IRS   :
Supervisory RA, Jacksonville, Florida.     :
DAVID OKUDA, in his individual and         :
official capacity as an employee of the IRS. :
ROSEMARY WALLACE, in her                   :
individual and official capacity as an     :
employee of the IRS.                       :
MELANIE ROXANNE, in her individual         :
and official capacity as an employee of the :
IRS.                                       :
MARTHA MALLORY, in her individual          :
and official capacity as an IRS employee.  :
DEBBIE RICHARDSON, in her                  :
individual and official capacity as an     :
IRS employee.                              :
MELINDA GARDINER, in her individual        :
and official capacity as an IRS employee.  :
VIVIAN A. JOHNSTON, in her individual      :
and official capacity as an IRS employee.  :
MONICA MILLER, in her individual and       :
official capacity as an IRS employee.      :
JANE and JOHN DOES, in their               :
individual and official capacity as        :
OPR and/or IRS employees.                  :
                    Defendants.          :

5

## COMPLAINT FOR DAMAGES

COMES NOW, KAREN K. DANIELS, plaintiff herein, and plaintiffs, a CLASS of Attorneys and CPAs, under like circumstances, bring this action against all Defendants herein stated and respectfully shows the Court the following:

### I. CLAIM

This action is brought pursuant to the Federal Tort Claim Act and the Constitution of the United States of America to redress the deprivation and denial of plaintiffs' rights secured by the Federal Constitution under color of federal law.

### II. JURISDICTION

This Court has jurisdiction over plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a). As to claims against the United States of America, this Court has jurisdiction pursuant to the Constitution of the United States of America.

### III. VENUE

The District of Columbia is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6

## IV.  PARTIES

1.  Plaintiff, Karen K. Daniels is an attorney practicing law in the State of Georgia.

2.  Plaintiffs, a CLASS of Attorneys and CPAs, under like circumstances, as yet unknown to plaintiff.

3.  UNITED STATES OF AMERICA d/b/a UNITED STATES GOVERNMENT, by and on behalf of the Honorable Alberto R. Gonzales, United States Attorney General is sued in its official capacity.

4.  Defendant UNITED STATES GOVERNMENT is and was the employer of certain personnel and officials named herein as individual defendants.

5.  The UNITED STATES OF AMERICA d/b/a UNITED STATES GOVERNMENT is a body politic, duly organized and existing under the Constitution and the laws of the United States of America and may be sued in this Court.

OPR OFFICIALS - Based upon information and belief -

6.  CONO R. NAMORATO, as reported by the government, was the Director of the Office of Professional Responsibility [OPR], the enforcement branch of the Internal Revenue Service [IRS], from January 2004 and continuing through January 2005.

7.   BRIAN DOWNING, as reported by the government, was the Deputy Director, OPR, Washington, D.C. from on or about January 2003 to January 2004.

8.   KAREN COPELAND, as reported by the government, is a Program Management analyst for the OPR, Washington, D.C.

9.   PAT MCDONOUGH, as reported by the government, is the Executive Director, Joint Board for the Enrollment of Actuaries, OPR, Washington, D.C. Reportedly, Mr. McDonough was the Director of the OPR prior to January 2003

10.   KEITH OTT, as reported by the government, is an Enforcement Attorney for the OPR, Washington, D.C. and was assigned to Plaintiff Daniels' 'OPR case' from on or about July 2004 to January 24, 2005 and continuing.

11.   EARL PRATER, as reported by the government, was, at all times complained of, an Enforcement Attorney for the OPR, Washington, D.C.

12.   JACKIE S. PRATER, as reported by the government, is a Paralegal for the OPR.

13.   SCOTT ROSENZWEIG, as reported by the government, is an Enforcement Attorney for the OPR, Washington, D.C. and was Director of Practice for the OPR on or about February 2002.

14.   EILEEN M. SHATZ, as reported by the government, was Acting Chief, Enforcement Branch for OPR since November 2004.  Ms. Shatz reports that she

has been Chief of the Enforcement Branch of the OPR, Washington, D.C. from on

or about February 2005. Prior to this time she worked for the IRS for eighteen

(18) years. She is the manager of Keith Orr [Ott]

15. STEPHEN A. WHITLOCK, as reported by the government, was Deputy

Director for the OPR, Washington, D.C. since May 2003.

16. KEITH ANDERSON, as reported by the government, was Chief, Enforcement

Branch Manager, OPR, Washington, D.C. between February 2002 and November

2004. Reportedly, Mr. Anderson is no longer with the IRS and is on National

Guard for an indefinite term.

17. DAVID MAURICE FINZ, Sr., as reported by the government, was the Senior

Enforcement Attorney for the OPR through January 2005. Reportedly, Mr. Finz is

no longer employed by the IRS.

18. JONATHAN HUTH, as reported by the government, was a staff attorney for

the OPR from approximately January 2003 through June 2003. Mr. Huth is

reported to no longer be employed by the IRS.

**All sued individually and in their official capacity.**

DEFENDANTS - IRS OFFICIALS - Based upon information and belief -

19. WILLIAM J. DANIEL, as reported by the government, is a Revenue Agent

[RA] for the IRS and an Abusive Trust Coordinator, SBSE, Maitland, Florida.

20. CAROLYN J. BRADSHAW, as reported by the government, is an IRS

Contact Representative, Philadelphia, PA and Department Manager, CAF/POA.

21. CATHY E. CHAGAMI, as reported by the government, is an IRS Policy and

Program Analyst, SBSE, Customer Accounts Services, Latham, Maryland.

22. JANET M. EASON, as reported by the government, is an IRS Lead Tax

Examining Technician, Memphis, Tennessee.

23. KURTIS B. HAUGEN, as reported by the government, is an IRS Tax

Examining Technician, Ogden, Utah.

24. CONNIE HEAVENRIDGE, as reported by the government, is an IRS

Supervisor, Information Technologies, Detroit, Michigan.

25. VIVIAN JOHNSON, as reported by the government, is an IRS CAF Specialist,

Supervisory Tax Examiner, Memphis, Tennessee.

26. PAMELA J. MILLER, as reported by the government, is an IRS Information

Technical Specialist, Detroit, Michigan.

27. JUDY J. WRIGHT, as reported by the government, is an IRS Support Services

Specialist, Ogden, Utah.

28. KAREN M. ALIBOZEK, as reported by the government, is an IRS RA, SBSE,

Macon, Georgia.

29. EUGENE K. BUCHS, as reported by the government, is an IRS Program

Manager, Tampa, Florida.

30. DAVID C. CAPPS, as reported by the government, is an IRS Supervisory RA, Gainesville / Ocala, Florida Group.

31. KENNETH E. COLT, as reported by the government, is an IRS RA, Maitland, Florida. Mr. Colt's duties include tracking abusive tax avoidance transactions.

32. ROBERT T. COMBS, as reported by the government, is an IRS RA, Maitland, Florida. His duties include tracking and examining abusive tax avoidance transactions.

33. JEANETTE CZACHUR, as reported by the government, is an IRS RA, Sarasota, Florida. Her duties include tracking and examining abusive tax avoidance transactions.

34. MARK T. FENTON, as reported by the government, is an IRS RA, Lead Development Center, Laguna Niguel, California. His duties include tracking abusive tax avoidance transactions.

35. PATRICIA L. GRIMES, as reported by the government, is an IRS RA, West Palm Beach, Florida. Her duties include tracking and examining abusive tax avoidance transactions.

36. ELIZABETH L. LEUTHOLD, as reported by the government, is an IRS Disclosure Specialist, Jacksonville, Florida.

37. MELANIE ROMANO, as reported by the government, is an IRS Disclosure

Specialist, Plantation, Florida.

38. CASSANDRA SPORTS, as reported by the government, is an IRS RA, Gainesville, Florida. Her duties include examinations of abusive tax avoidance transactions.

39. SUZANNE TOLEDO, as reported by the government, is an IRS RA, Melbourne, Florida. She is a preparer penalty coordinator for Florida.

40. BRUCE DICKINSON, as reported by the government, is an IRS Program Manager, Jacksonville, Florida.

41. TERRELL SALVATORE, as reported by the government, is an IRS Supervisory RA, Jacksonville, Florida.

42. DAVID OKUDA, as reported by the government, is an IRS employee; duties are unknown.

43. ROSEMARY WALLACE, as reported by the government, is an employee of the IRS; duties are unknown.

44. MELANIE ROXANNE, as reported by the government, is an IRS employee; duties are unknown.

45. MARTHA MALLORY, as reported by the government, is an IRS employee; duties are unknown.

46. DEBBIE RICHARDSON, as reported by the government, is an IRS employee;

duties are unknown.

47. VIVIAN A. JOHNSTON, as reported by the government, is an IRS employee; duties are unknown.

48. MONICA MILLER, as reported by the government, is an attorney for the Office of Chief Counsel, Jacksonville, Florida. Her duties include tracking abusive tax avoidance transactions.

49. Wanda ? is employed by the IRS and/or OPR. Her full identify and duties are unknown.

50. JANE and JOHN DOES are IRS and/or OPR employees who either investigated, disclosed and/or had disclosed to them, Plaintiffs' confidential tax, tax return, and other confidential information.

**All sued individually and in their official capacity.**

51. At all times relevant to the events described herein, the defendants herein have acted and continue to act under color of federal law.

## V. FACTUAL ALLEGATIONS

52. Karen K. Daniels, plaintiff herein, is a licensed attorney and registered nurse in the state of Georgia, primarily practicing in the field of medical malpractice. Plaintiff has never represented a taxpayer before the IRS. As a private attorney, plaintiff's State Bar and the Supreme Court of Georgia exercise jurisdiction over her conduct.

53. The Office of Professional Responsibility [OPR] is an investigative and adjudicatory

operating division within the Internal Revenue Service which tests and admits/licenses

non-professionals to practice before the IRS; and enforces Department of Treasury

standards and/or disciplines practitioners, i.e., attorneys and certified public accounts

actually practicing before the Internal Revenue Service [IRS] who have been accused and

determined to have violated Treasury Rules (Circular 230). Accordingly, the OPR

exercises jurisdiction over attorneys and CPAs, in like circumstances, who, because of

their degrees, and upon filing documentation noticing IRS/Treasury of intent to represent

an individual, are automatically 'recognized to practice' before the IRS; however, the

OPR does not, exercise jurisdiction over attorneys and CPAs, in like circumstances,

beyond an actual practice before the IRS.

54. From February 15, 2002 through January 24, 2005 and continuing, OPR and IRS

officials (defendants herein), under color of law, did conspire and commence a coast to

coast, full scale investigation and disclosure of plaintiff's confidential tax return, return,

and other private and confidential information.

55. During this period of time, defendants did conspire, for the purpose of committing,

by their joint efforts, unlawful and criminal acts, intended to deny plaintiff, an attorney

over whom it does not exercise subject matter as it relates to practice before the IRS, and

a CLASS of Attorneys and CPAs, in like circumstances, the right to be free from

malicious prosecution and abuse of process under the Equal Protection component of the

Due Process Clause of the Fifth Amendment to the Constitution.

56.  The Equal Protection Component of the Fifth Amendment's Due Process Clause, thus confers on plaintiff, and a CLASS of Attorneys and CPAs, in like circumstances, a federal constitutional right to be free from 'class' discrimination which would deny and abrogate plaintiff's and every CLASS of Attorneys and CPAs, in like circumstances, Constitutional protections guaranteed under the Constitution.

57.  Plaintiff, Karen K. Daniels, has not represented taxpayers before the IRS nor has she filed a form 2848 (Power of Attorney) or a Declaration of Representative with the IRS.

58.  The State Bar of Georgia and the Supreme Court of Georgia exercises jurisdiction over  plaintiff's conduct and the conduct of plaintiffs, a CLASS of Attorneys and CPAs, under like circumstances, as yet unknown to plaintiff, as private attorneys.

59.  The Office of Professional Responsibility [OPR] is a federal adjudicatory agency which enforces certain standards for attorneys who practice before the Internal Revenue Service [IRS].

60.  The OPR exercises jurisdiction over attorneys, CPAs, et al,  who are 'recognized to practice' before the IRS.

61.  An attorney, CPA . . . not currently under suspension or disbarment from practice before the IRS can practice before the IRS and will be 'recognized' to practice before the IRS upon filing a written declaration that she or he is qualified as an attorney . . . and

authorized to represent the taxpayer in question.[1]

62.  The OPR does not exercise subject matter nor in personam jurisdiction over private attorneys who have not represented taxpayers before the IRS nor filed the required forms to practice before the IRS;[2] the OPR therefore, does not exercise subject matter nor in personam jurisdiction over plaintiff as it relates to practice before the IRS, or a CLASS of Attorneys and CPAs, under like circumstances, as yet unknown to plaintiff.

63.  From on or about February 15, 2002 to January 24, 2005 and upon information and belief, continuing, IRS and OPR officials (defendants herein), under color of federal law, did conspire, for the purpose of committing, by their joint efforts, unlawful and criminal acts, to commence  a coast to coast, full scale investigation and disclosure of plaintiffs' confidential tax return, return, and other private and confidential information.

64.   Upon information and belief, said investigations and disclosures were conducted via unsecured telephone lines, facsimile and email transmissions.

65.   Personal information, to include plaintiff's Social Security Number, addresses and telephone numbers, CAF and BMF information was transmitted, via unsecured email, to 50+ IRS and OPR employees from coast to coast.

66.   Plaintiff's name was searched on an unsecured internet under ChoicePoint.

67.  During this period of time and continuing today, defendants herein  did conspire, for

---

[1]See 31 C.F.R. § 10.3(a) and 5 U.S.C. § 500(b).

[2]Id, fn 1.

the purpose of committing, by their joint efforts, unlawful and criminal acts to deny

plaintiff, an attorney to whom neither the OPR nor the IRS exercises subject matter or in

personam jurisdiction over as relating to practice before the IRS, and a CLASS of

Attorneys and CPAs, under like circumstances, as yet unknown to plaintiff, the

right to be free from malicious prosecution and abuse of process under the Equal

Protection component of the Due Process Clause of the Fifth Amendment to the United

States Constitution as it relates to pr.

68.  Under the facts as presented herein, the Equal Protection Component of the Fifth

Amendment's Due Process Clause confers on plaintiff and a CLASS of Attorneys and

CPAs, under like circumstances, a federal constitutional right to be free from 'class'

discrimination; thereby guaranteeing plaintiff and all plaintiffs similarly situated,

Constitutional protections guaranteed under the Constitution of the United States of

America.

69.  The facts stated show that defendants herein  did conspire, for the purpose of

committing, by their joint efforts, unlawful and criminal acts, to deny plaintiff, an

attorney to whom neither the OPR nor the IRS exercises subject matter nor in personam

jurisdiction over as it relates to practice before the IRS, nor over a CLASS of Attorneys

and CPAs, under like circumstances, as yet unknown to plaintiff, the right to be free

from 'class' discrimination; thereby denying and abrogating plaintiffs protections

guaranteed under the Constitution of the United States of America.

70. Defendant UNITED STATES GOVERNMENT is jointly and severally liable and responsible for the hiring, training, supervision, control and discipline official under its control.

71. Defendant UNITED STATES GOVERNMENT is and was the employer of certain personnel and officials named herein as individual defendants.

72. Defendant UNITED STATES GOVERNMENT is liable for the failure of its officials, including, but not limited to the Director, Office of Professional Responsibility, to follow the policies, procedures, practices, customs and guidelines of the United States Government.

73. Defendant UNITED STATES GOVERNMENT should have, but failed to act through its policy-making officials and edicts of these policy-making officials, representing the policies, practices, and customs of the United States Government. including, but not limited to, the Attorney General of the United States; thereby depriving plaintiff and all similarly situated plaintiffs of Constitutional protections under the First, Fourth, Fifth and Ninth Amendments to the Constitution.

74. Defendant UNITED STATES GOVERNMENT is a resident of Washington, D.C. and may be personally served by and through the United States Attorney General, Honorable Alberto R. Gonzales, at the Department of Justice, Room B-103, 950 Pennsylvania Avenue, Washington, D.C. 20530-0001.

75.  In addition to violations noted, all defendants herein did conspire, for the

purpose of committing, by their joint efforts, unlawful and criminal acts, to deny plaintiff

herein and plaintiffs, a CLASS of Attorneys andCPAs, unnder like circumstances,

as yet unknown to plaintiff, Constitutional protections by their knowing or should have

known that neither the OPR nor the IRS exercises subject matter nor in personam

jurisdiction over plaintiff as it relates to practice before the IRS, a CLASS of Attorneys

and CPAs, under like circumstances; thereby depriving plaintiffs protections

guaranteed under the First, Fourth, Fifth and Ninth Amendments of Constitution of the

United States of America.

76.  CONO R. NAMORATO, as reported by the government, was the Director of

the Office of Professional Responsibility [OPR], the enforcement branch of the

Internal Revenue Service [IRS], from January 2004 and continuing through

January 2005.  Constitutional violations and commission of torts committed on

plaintiff by Mr. Namorato include, but are not limited to: Mr. Namorato was

briefed about the OPR's investigation of plaintiff Daniels beginning January 2004

to January 2005 and continuing.  Upon information and belief, and without

authority to do so, Mr. Namorato investigated and received confidential tax, tax

return, and other confidential information on plaintiff and disclosed the same to

other IRS and OPR officials via unsecured email, facsimile, and telephone

transmissions in violation of plaintiff's expectation of privacy, a penumbra right

guaranteed by the Ninth Amendment to the Constitution. Mr. Namorato, contrary

to policies and procedures, continued the prosecution of plaintiff without

reasonable or probable cause, denying plaintiff Constitutional protection against

unreasonable searches and seizures in violation of the Fourth Amendment of the

Constitution and depriving plaintiff of life, liberty or property without probable

cause and without due process in violation of the Fifth Amendment of the

Constitution. Upon information and belief, Mr. Namorato conspired with Keith

Ott, David Finz and Eileen Shatz and other unknown OPR employees to put so

much pressure on plaintiff that she would agree to a sanction if the OPR dropped

its 'case' against her, which plaintiff refused to do.

77. BRIAN DOWNING, as reported by the government, was the Deputy Director,

OPR, Washington, D.C. from on or about January 2003 to January 2004.

Reportedly, he was briefed about the OPR's investigation of plaintiff Daniels

during this time period. Upon information and belief, Constitutional violations

and commission of torts committed on plaintiff by Mr. Downing include, but are

not limited to: Mr. Downing investigated and received confidential tax, tax return,

and other confidential information on plaintiff Daniels and disclosed the same to

other IRS and OPR officials via unsecured email, facsimile, and telephone

transmissions. Mr. Downing, even after being repeatedly noticed by plaintiff, commenced and continued the OPR's prosecution of her even after being noticed that the agency did not have authority to do so.

78. KAREN COPELAND, as reported by the government, is a Program Management analyst for the OPR, Washington, D.C. Reportedly, Ms. Copeland assisted OPR attorneys in investigating "allegations that plaintiff improperly practiced before the IRS." She also is reported to have had access to the OPR's investigation file on plaintiff Daniels from approximately February 2002 to January 2005. Upon information and belief, Constitutional violations and commission of torts committed on plaintiff by Ms. Copeland include, but are not limited to: Ms. Copeland investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

79. PAT MCDONOUGH, as reported by the government, is the Executive Director, Joint Board for the Enrollment of Actuaries, OPR, Washington, D.C. Reportedly, Mr. McDonough was the Director of the OPR prior to January 2003 and was "briefed about the OPR's investigation of plaintiff Daniels on various dates between June 2004 and January 2005." Constitutional violations and

commission of torts committed on plaintiff by Mr. McDonough include, but are

not limited to: Upon information and belief, Mr. McDonough investigated and

received confidential tax, tax return, and other confidential information on

plaintiff Daniels and disclosed the same to other IRS and OPR officials via

unsecured email, facsimile, and telephone transmissions.

80. KEITH OTT, as reported by the government, is an Enforcement Attorney for

the OPR, Washington, D.C. and was assigned to plaintiff Daniels' 'OPR case'

from on or about July, 2004 to January 24, 2005 and continuing. Reportedly, Mr.

Ott had access to the OPR's 'investigation file' on plaintiff Daniels assigned to her

'case' from on or about July 2004 to January 2005. Constitutional violations and

commission of torts committed on plaintiff by Mr. Ott include, but are not limited

to: Upon information and belief, Mr. Ott investigated and received confidential

tax, tax return, and other confidential information on plaintiff Daniels and

disclosed the same to other IRS and OPR officials via unsecured email, facsimile,

and telephone transmissions. Mr. Ott conspired with 50+ employees of the IRS

and OPR to "work up a case against her" two and one-half years after the OPR

received an incomplete and false referral on her. Mr. Ott knew or should have

known when he ran unsecured searches on the internet and contacted OPR and

IRS officials from coast to coast in a desperate attempt to establish, albeit two and

one-half years belatedly, OPR's authority to investigate and disclose confidential tax return, return and other confidential information on plaintiff. Mr. Ott even sent plaintiff's social security number over an unsecured internet to multiple no. of IRS and OPR employees.

81. EARL PRATER, as reported by the government, was, at all times complained of, an Enforcement Attorney for the OPR, Washington, D.C. Reportedly, Mr. Prater investigated OPR allegations that plaintiff Daniels "improperly practiced before the IRS" and had access to plaintiff Daniels' OPR 'case file' while assigned to the case from on or about June 2003 to June 2004. Constitutional violations and commission of torts committed on plaintiff by Mr. Prater include, but are not limited to: Upon information and belief, Mr. Prater investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

82. JACKIE S. PRATER, as reported by the government, is a Paralegal for the OPR. Reportedly, Ms. Prater assisted OPR attorneys investigating allegations that plaintiff Daniels "improperly practiced before the IRS" and had been provided information about the OPR's 'case' on plaintiff February 2002. Ms. Prater is reportedly no longer employed by the IRS. Constitutional violations and

commission of torts committed on plaintiff by Ms. Prater include, but are not limited to: Upon information and belief, Ms. Prater investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

83. SCOTT ROSENZWEIG, as reported by the government, is an Enforcement Attorney for the OPR, Washington, D.C. Mr. Rosenzweig, as Director of Practice, received the Form 5346 'referral' of plaintiff Daniels on February 15, 2002 from William J. Daniel, Jr. Immediately upon receipt of the errant 'referral' Mr. Rosenzweig was required to determine if the OPR exercised authority over plaintiff. He did not thereby causing plaintiff irreparable harm and the denial of Constitutional protections contained in the First, Fourth, Fifth and Ninth Amendments to the Constitution. Reportedly, Mr. Rosenzweig investigated allegations that plaintiff Daniels "improperly practiced before the IRS" and had access to OPR's investigation file on plaintiff Daniels while assigned to the case from on or about February 2002 to January 2003. Upon information and belief, Mr. Rosenzweig investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

84. EILEEN M. SHATZ, as reported by the government, was Acting Chief, Enforcement Branch, OPR since November 2004. Ms. Shatz reports that she has been Chief of the Enforcement Branch of the OPR, Washington, D.C. from on or about February 2005. Prior to this time she worked for the IRS for eighteen (18) years. She is the manager of Keith Orr [Ott] and reviewed the OPR investigation file of plaintiff Daniels during this time. Constitutional violations and commission of torts committed on plaintiff by Ms. Shatz include, but are not limited to: Upon information and belief, without authority to do so, Ms. Shatz admitted and declared under penalty of perjury on February 1, 2006 that she was familiar with the OPR investigation of plaintiff Daniels, . . . and that she had reviewed the OPR' 'file' on plaintiff Daniels from on or about November 2004 to January 2005. Upon information and belief, Ms. Shatz investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions. Ms. Shatz' duties with the OPR reportedly included supervising investigations by OPR attorney-advisors into "allegations of improper practice before the IRS". Further Constitutional violations and commission of torts committed on plaintiff by Ms. Shatz include, but are not limited to: Upon information and belief, Ms. Shatz conspired, for the purpose of committing, by their

25

joint efforts, unlawful and criminal acts, intended to deny plaintiff, an attorney over

whom the OPR does not exercise subject matter jurisdiction as it relates to practice before

the IRS, and a CLASS of Attorneys and CPAs, in like circumstances, the right to be free

from malicious prosecution and abuse of process under the Equal Protection component

of the Due Process Clause of the Fifth Amendment to the Constitution. Upon

information and belief, Ms. Shatz made false statements on her Declaration before

the U.S. District Court, Northern District of Georgia.

85. STEPHEN A. WHITLOCK, as reported by the government, was Deputy

Director, OPR, Washington, D.C. since May 2003. Reportedly, Mr. Whitlock

reviewed OPR investigations of plaintiff Daniels from between the dates of May

2003 to January 2005. Further Constitutional violations and commission of torts

committed on plaintiff by Mr. Whitlock include, but are not limited to: Upon

information and belief, Mr. Whitlock did conspire, for the purpose of committing, by their

joint efforts, unlawful and criminal acts, intended to deny plaintiff, an attorney over

whom it does not exercise subject matter as it relates to practice before the IRS, and a

CLASS of Attorneys and CPAs in like circumstances, the right to be free from malicious

prosecution and abuse of process under the Equal Protection component of the Due

Process Clause of the Fifth Amendment to the Constitution. Upon information and

belief, Mr. Whitlock investigated and received confidential tax, tax return, and

other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

86. KEITH ANDERSON, as reported by the government, was Chief, Enforcement Branch Manager, OPR, Washington, D.C. Mr. Anderson was the branch manager and manager of Keith Orr[tt]. Constitutional violations and commission of torts committed on plaintiff by Mr. Anderson include, but are not limited to: Mr. Anderson reportedly reviewed OPR investigations of plaintiff Daniels "on various dates between February 2002 and November 2004. Upon information and belief, Mr. Anderson investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions. Reportedly, Mr. Anderson is no longer with the IRS and is on National Guard for an indefinite term.

87. DAVID MAURICE FINZ, Sr., as reported by the government, was the Senior Enforcement Attorney for the OPR. Reportedly, Mr. Finz is no longer employed by the IRS. Mr. Finz is reported by the government to have reviewed OPR's investigation file on plaintiff Daniels December 2004 for possible OPR litigation. Constitutional violations and commission of torts committed on plaintiff by Mr.

Finz include, but are not limited to: As Senior Attorney for the OPR, Mr. Finz had

direct knowledge of OPR jurisdictional requirements and testified to the same in

an OPR hearing before an Administrative Law Judge.[3] Mr. Finz's sworn

testimony was that an OPR staff member assigned to the case reviews the referral

*when it comes in* to determine whether the OPR had jurisdiction . . .[4] Upon

information and belief, Mr. Finz investigated and received confidential tax, tax

return, and other confidential information on plaintiff Daniels and disclosed the

same to other IRS and OPR officials via unsecured email, facsimile, and telephone

transmissions. Mr. Finz further conspired with other IRS and OPR officials, for the

purpose of covering up OPR errors and thereby committing, by their joint efforts,

unlawful and criminal acts, intended to deny plaintiff, an attorney over whom the OPR

does not exercise subject matter jurisdiction as it relates to practice before the IRS, and a

CLASS of Attorneys and CPAs, in like circumstances, the right to be free from malicious

prosecution and abuse of process under the Equal Protection component of the Due

Process Clause of the Fifth Amendment to the Constitution.

88. JONATHAN HUTH, as reported by the government, was a staff attorney for

---

[3]Hearing testimony in the case of Director, Office of Professional Responsibility vs. Joseph R. Banister, Complaint No. 2003-2 heard before the Honorable William B. Moran on December 1, 2003.

[4]Id. at p. 16 of the transcript.

the OPR. Reportedly, Mr. Huth investigated OPR' allegations that "plaintiff improperly practiced before the IRS". Mr. Huth is reported to have collected information on plaintiff Daniels while the OPR investigation was assigned to him approximately January 2003 through June 2003. Mr. Huth is reported to no longer be employed by the IRS. Mr. Huth signed the February 21, 2003 "Institution of Proceedings" letter to plaintiff Daniels on behalf of Mr. Downing, who, at that time, was the acting Director of Practice, OPR. Constitutional violations against plaintiff include, but are not limited to: Mr. Huth conspired, for the purpose of committing, by their joint efforts, unlawful and criminal acts, intended to deny plaintiff, an attorney over whom the OPR does not exercise subject matter jurisdiction as it relates to practice before the IRS, and a CLASS of Attorneys and CPAs, in like circumstances, the right to be free from malicious prosecution and abuse of process under the Equal Protection component of the Due Process Clause of the Fifth Amendment to the Constitution. Upon information and belief, Mr. Huth investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

DEFENDANTS - IRS OFFICIALS - Based upon information and belief -

89. WILLIAM J. DANIEL, as reported by the government, is a Revenue Agent

[RA] for the IRS and an Abusive Trust Coordinator, SBSE, Maitland, Florida.

Mr. William J. Daniel, Jr. And J.S. Prater, forwarded a Form 5346 'referral' on

behalf of Plaintiff Daniels to Patrick W. McDonough, Director of Practice, on

February 20, 2002.  Constitutional violations include but are not limited to: Upon

information and belief, Mr. Daniel investigated and received confidential tax, tax

return, and other confidential information on plaintiff Daniels and disclosed the

same to other IRS and OPR officials via unsecured email, facsimile, and telephone

transmissions.  Further, Mr. Daniel was required to know the correct referral form

to send to OPR.  The form 8484, not form 5346 should have been generated for a

referral to OPR.  If Mr. Daniel had used the correct form, which he was required to

know, he would have had to state whether plaintiff had ever practiced before the

IRS and the matter would have ended right there.  Further, upon information and

belief, Mr. Daniel conspired with other OPR and IRS officials to coverup the

agencies' wrongdoings; thereby violating plaintiff's guarantees under the First,

Fourth, Fifth and Ninth Amendments to the Constitution.

90.  CAROLYN J. BRADSHAW, as reported by the government, is an IRS

Contact Representative, Philadelphia, PA and Department Manager, CAF/POA.

Reportedly, Ms. Bradshaw was provided with Business Master File [BMF] name

and addresses information on plaintiff Daniels for use in searching for Centralized

Authorization Files [CAF] on her in October 2004. Said information was disclosed to Ms. Bradshaw by OPR officials via the OPR's unsecured email messaging. Upon information and belief, Ms. Bradshaw investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

91. CATHY E. CHAGAMI, as reported by the government, is an IRS Policy and Program Analyst, SBSE, Customer Accounts Services, Latham, Maryland. Reportedly, Ms. Chagami received BMF name and addresses information on plaintiff Daniels October 2004 for use in searching whether a CAF on her existed. Said information was disclosed to Ms. Chagami by OPR officials via the OPR's unsecured email messaging. Upon information and belief, Ms. Chagami investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

92. JANET M. EASON, as reported by the government, is an IRS Lead Tax Examining Technician, Memphis, Tennessee. Reportedly, OPR provided Ms. Eason with plaintiff Daniels' BMF name and addresses information to determine whether a CAF file on her existed. Said information was provided to Ms. Eason

31

via OPR's unsecured email messaging.  Upon information and belief, Ms. Eason investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

93.  KURTIS B. HAUGEN, as reported by the government, is an IRS Tax Examining Technician, Ogden, Utah.  Reportedly, OPR provided Mr. Haugen with plaintiff Daniels' name and addresses October 2004 for determination whether a CAF filed on her existed.  Mr. Haugen received said information via OPR's unsecured email messaging.  Upon information and belief, Mr. Haugen investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

94.  CONNIE HEAVENRIDGE, as reported by the government, is an IRS Supervisor, Information Technologies, Detroit, Michigan.  Reportedly, Ms. Heavenridge was provided with plaintiff Daniels' name and addresses information for determination as to whether a CAF file on her existed.  Mr. Haugen received said information via OPR's unsecured email messaging.  Upon information and belief, Ms. Heavenridge investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other

IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

95. VIVIAN JOHNSON, as reported by the government, is an IRS CAF Specialist, Supervisory Tax Examiner, Memphis, Tennessee. Ms. Johnson investigated and received BMF name and addresses information on plaintiff Daniels October 2004 for use in searching whether a CAF file on her existed. Ms. Johnson received said information via OPR's unsecured email messaging. Upon information and belief, Ms. Johnson investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

96. PAMELA J. MILLER, as reported by the government, is an IRS Information Technical Specialist, Detroit, Michigan. Ms. Miller received BMF name and addresses information on plaintiff Daniels October 2004 for use in searching whether a CAF file on her existed. Ms. Johnson received and disclosed said information to other OPR and IRS personnel via OPR's unsecured email messaging. Upon information and belief, Ms. Miller investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email,

facsimile, and telephone transmissions.

97.  JUDY J. WRIGHT, as reported by the government, is an IRS Support Services Specialist, Ogden, Utah.  Upon information and belief, Ms. Wright investigated received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials.  Upon information and belief said transmissions were conducted on unsecured email transmissions.  Upon information and belief, Ms. Wright investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

98.  KAREN M. ALIBOZEK, as reported by the government, is an IRS RA, SBSE, Macon, Georgia.  Reportedly, Ms. Alibozek was assigned to a tax examination of plaintiff Daniels.  Upon information and belief, Ms. Alibozek investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured telephone, facsimile, and email transmissions.  Upon information and belief, as late as September 2004, two and a half years after OPR's receipt of an errant referral on plaintiff Daniels February 2002, Ms. Alibozek had specific knowledge of the OPR's wrongdoing as shown by an email

34

to her from Mark Fenton which stated, "So, OPR is attempting to build a

disciplinary case and Karen Kelly Daniels is apparently asserting OPR does not

have jurisdiction over her, since she may not have officially filed Form 2848 on

behalf of any clients that she might have represented." Ms. Alibozek's failure to

report such misconduct shows that she engaged in a conspiracy not only to violate

plaintiff Daniels' Constitutional and statutory rights to privacy and equal

protection under the laws, she actively conspired to conceal this information from

her superiors and from plaintiff Daniels. Further, Ms. Alibozek knew that plaintiff

Daniels had not represented taxpayers before the IRS yet failed to report and

remained silent as to the OPR's unauthorized, wide scale investigations and

disclosures of plaintiff Daniels confidential return, tax return information and

other confidential information.

99. EUGENE K. BUCHS, as reported by the government, is an IRS Program

Manager, Tampa, Florida. Mr. Buchs' duties include tracking abusive tax

avoidance transactions. Upon information and belief, Mr. Buchs investigated and

received confidential tax, tax return, and other confidential information on

plaintiff Daniels and disclosed the same to other IRS and OPR officials. Upon

information and belief said transmissions were conducted on unsecured email

transmissions.

100. DAVID C. CAPPS, as reported by the government, is an IRS Supervisory RA, Gainesville / Ocala, Florida Group. Capps reportedly received a copy of the original February 15, 2005 Form 5346 "Referral" from William Daniel to Scott Rosenzweig, Director of Peachtree Office. Upon information and belief, Mr. Capps investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

101. KENNETH E. COLT, as reported by the government, is an IRS RA, Maitland, Florida. Reportedly, his duties include tracking abusive tax avoidance transactions. Upon information and belief, Mr. Colt investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

102. ROBERT T. COMBS, as reported by the government, is an IRS RA, Maitland, Florida. Reportedly, his duties include tracking and examining abusive tax avoidance transactions. Upon information and belief, Mr. Combs investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

103. JEANETTE CZACHUR, as reported by the government, is an IRS RA, Sarasota, Florida. Reportedly, her duties include tracking and examining abusive tax avoidance transactions.  Upon information and belief, Ms. Czachur investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

104. MARK T. FENTON, as reported by the government, is an IRS RA, Lead Development Center, Laguna Niguel, California.  Reportedly, his duties include tracking abusive tax avoidance transactions.  Constitutional violations and torts committed on plaintiff include, but are not limited to: Upon information and belief, Mr. Fenton investigated and received confidential tax, tax return, and other confidential information on plaintiff and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.  Upon information and belief, as late as September 2004, two and a half years after OPR's receipt of an errant referral on plaintiff Daniels February 2002, Mr. Fenton emailed Karen Alibozek via unsecured email transmissions showing that he had specific knowledge of the OPR's wrongdoing and as evidenced by an email from him to Karen Alibozek September 2004 which stated, "So, OPR is attempting to build a disciplinary case and Karen Kelly Daniels is apparently asserting OPR

does not have jurisdiction over her, since she may not have officially filed Form 2848 on behalf of any clients that she might have represented." Mr. Fenton's failure to report such misconduct shows that he engaged in a conspiracy not only to violate plaintiff Daniels' Constitutional and statutory rights to privacy and equal protection under the laws, he actively conspired to conceal this information from his superiors and from plaintiff Daniels.

105. PATRICIA L. GRIMES, as reported by the government, is an IRS RA, West Palm Beach, Florida. Reportedly, her duties include tracking and examining abusive tax avoidance transactions. Upon information and belief, Ms. Grimes investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

106. ELIZABETH L. LEUTHOLD, as reported by the government, is an IRS Disclosure Specialist, Jacksonville, Florida. Upon information and belief, Ms. Leuthold investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

107. MELANIE ROMANO, as reported by the government, is an IRS Disclosure Specialist, Plantation, Florida. Upon information and belief, Ms. Romano

38

investigated and received confidential tax, tax return, and other confidential

information on plaintiff Daniels and disclosed the same to other IRS and OPR

officials via unsecured email, facsimile, and telephone transmissions.

108.  CASSANDRA SPORTS, as reported by the government, is an IRS RA,

Gainesville, Florida.  Reportedly, her duties include examinations of abusive tax

avoidance transactions.  Upon information and belief, Ms. Sports investigated and

received confidential tax, tax return, and other confidential information on

plaintiff Daniels and disclosed the same to other IRS and OPR officials via

unsecured email, facsimile, and telephone transmissions.

109.  SUZANNE TOLEDO, as reported by the government, is an IRS RA,

Melbourne, Florida.  Reportedly, she is a preparer penalty coordinator for Florida.

Upon information and belief, Ms. Toledo investigated and received confidential

tax, tax return, and other confidential information on plaintiff Daniels and

disclosed the same to other IRS and OPR officials via unsecured email, facsimile,

and telephone transmissions.

110.  BRUCE DICKINSON, as reported by the government, is an IRS Program

Manager, Jacksonville, Florida.  Upon information and belief, Mr. Dickinson

investigated and received confidential tax, tax return, and other confidential

information on plaintiff Daniels and disclosed the same to other IRS and OPR

officials via unsecured email, facsimile, and telephone transmissions.

111.  TERRELL SALVATORE, as reported by the government, is an IRS Supervisory RA, Jacksonville, Florida.  Upon information and belief, Mr. Salvatore investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

112.  DAVID OKUDA, as reported by the government, is an IRS employee.  Upon information and belief, Mr. Okuda investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

113.  ROSEMARY WALLACE, as reported by the government, is an employee of the IRS. Upon information and belief, Ms. Wallace investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

114.  MELANIE ROXANNE, as reported by the government, is an IRS employee. Upon information and belief, Ms. Roxanne investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and

disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

115. MARTHA MALLORY, as reported by the government, is an IRS employee. Upon information and belief, Ms. Mallory investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

116. DEBBIE RICHARDSON, as reported by the government, is an IRS employee. Upon information and belief, Ms. Richardson investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

117. VIVIAN A. JOHNSTON, as reported by the government, is an IRS employee. Upon information and belief, Ms. Johnston investigated and received confidential tax, tax return, and other confidential information on plaintiff Daniels and disclosed the same to other IRS and OPR officials via unsecured email, facsimile, and telephone transmissions.

118. MONICA MILLER, as reported by the government, is an attorney for the Office of Chief Counsel, Jacksonville, Florida. Reportedly, her duties include

tracking abusive tax avoidance transactions. Upon information and belief, Ms.

Miller investigated and received confidential tax, tax return, and other confidential

information on plaintiff Daniels and disclosed the same to other IRS and OPR

officials via unsecured email, facsimile, and telephone transmissions.

119. JANE and JOHN DOES, are IRS and/or OPR employees investigated and

who either disclosed or had disclosed to them, plaintiff's confidential tax, tax

return, and other confidential information on plaintiff Daniels via unsecured

telephone, facsimile, or email transmission.

120. Plaintiff presented notice of administrative notice and presentation of a claim

and money damages to the OPR from May 2003 up to and including January 2005.

On January 24, 2005, without addressing plaintiff's grievances, the OPR allegedly

'closed' its case against plaintiff. Plaintiff has exhausted all available

administrative remedies regarding the matters described in this complaint (see

enclosed Exhibits D1 - D7, J1 - J4).

121. The government is in control of identifying information of defendants named

herein and any John and Jane Does as unknown defendants. Accordingly,

plaintiffs move the court to compel the government to provide identifying

information on all defendants so stated, whether not said defendants are or are not

currently employed with the government. Without this identifying information,

which is exclusively in the hands of the defendant and which it has refused to produce, plaintiff is unable to effect proper and timely service of her pleadings.

122. Plaintiff's and plaintiffs, a CLASS of Attorneys and CPAs, under like circumstances, as yet unknown to plaintiff, rights were violated as a result of a decision made by a final policymaker.

123. At all times relevant to the events described herein, the defendants have acted and continue to act under color of federal law.

## VI.  CAUSES OF ACTION

124. Plaintiff supports the following claims by reference to the previous paragraphs of this complaint.

125. The deliberate indifference of all defendants to establish, know, reference, and implement policies, procedures and guidelines on unauthorized investigations and disclosures of confidential tax return, return, and other confidential information has deprived and continues to deprive plaintiff Daniels and all plaintiffs under like circumstances of rights under the Equal Protection Component and Due Process Clause of the Fifth Amendment to the Constitution; under the reasonable search and seizure requirements of the Fourth Amendment to the Constitution; under the Freedom of Expression under First Amendment to the Constitution; and under the rights to expectations to privacy under the Ninth

Amendment to the Constitution.

126. The deliberate indifference of the United States Government to hire, train, supervise, control, and discipline officials under its control has deprived and continues to deprive plaintiff Daniels and all plaintiffs under like circumstances of rights under the Equal Protection Component and Due Process Clause of the Fifth Amendment to the Constitution; under the reasonable search and seizure requirements of the Fourth Amendment to the Constitution; under the Freedom of Expression Clause under First Amendment to the Constitution; and under the rights to expectations to privacy under the Ninth Amendment to the Constitution.

127. The deliberate indifference of the United States Government for the failure of its officials, including, but not limited to the Director, Office of Professional Responsibility, to follow the policies, procedures, practices, customs and guidelines of the United States Government has deprived and continues to deprive plaintiff Daniels and all plaintiffs under like circumstances, of rights under the Equal Protection Component and Due Process Clause of the Fifth Amendment to the Constitution; under the reasonable search and seizure requirements of the Fourth Amendment to the Constitution; under the Freedom of Expression Clause under First Amendment to the Constitution; and under the rights to expectations to privacy under the Ninth Amendment to the Constitution.

44

128. The deliberate difference of the United States Government to act through its policy-making officials, including, but not limited to the Director, Office of Professional Responsibility, Attorney General of the United States, and the United States Attorney resulting in said unlawful acts and edicts of these policy-making officials to represent the policies, practices, and customs of the United States Government has deprived and continues to deprive plaintiff Daniels and all plaintiffs under like circumstances, of rights under the Equal Protection Component and Due Process Clause of the Fifth Amendment to the Constitution; under the reasonable search and seizure requirements of the Fourth Amendment to the Constitution; under the Freedom of Expression Clause under First Amendment to the Constitution; and under the rights to expectations to privacy under the Ninth Amendment to the Constitution.

129. All defendants, under color of law, denied plaintiff and all plaintiffs in like circumstances, Constitutional protections guaranteed by the Fifth Amendment's Equal Protection Clause by denying plaintiff the same protection of the law which is enjoyed by other persons or other classes of persons in the protection of their lives, liberty, property, and in their pursuit of happiness.

130. Defendants, under color of law, did subject and conspire to subject plaintiff and all plaintiffs in like circumstances, to deprivation of rights, privileges or

immunities secured by the Constitution and laws of this nation.

131. Defendants, under color of law, did deprive and did conspire to deprive plaintiff and all plaintiffs in like circumstances, of their due process of law as it is embodied in the Fifth Amendment to the Constitution's Due Process Clause in that the defendants herein did deprive plaintiff the safeguards for the protection of individual rights and did deny plaintiff access to lawful proceedings allowed according to the agency's rules, policies, procedures, and principles which have been established in our system of jurisprudence for the enforcement and protection of private, inalienable right guaranteed by the Constitution.

132. Under color of law, defendants herein did deny and did conspire to deprive plaintiff her right to a fair, impartial and lawful proceeding demanded for four years by plaintiff.

133. Under color of law, defendants did conspire to deny plaintiff her statutory and constitutional right to a fair proceeding with a tribunal competent by the law of its creation, to pass upon the subject matter of the suit; to wit, to adjudicate whether the OPR exercised jurisdiction and authority over attorneys who did not practice before the IRS; in violation of the due process clause of the Fifth amendment to the Constitution.

134. Defendants, under color of law, did deny and did conspire to deny plaintiff

the right to be brought before a tribunal to pronounce judgment upon the question of life, liberty, or property, in violation of the due process clause of the Fifth Amendment to the Constitution.

135. Defendants, under color of law, did deny and did conspire to deny plaintiff notice, actual or constructive, of charges presented and denied her the opportunity to present evidence on her behalf; thereby denying plaintiff and all individuals in like circumstances, the opportunity to have her case heard before a tribunal competent to pass upon the OPR's subject matter and in personam jurisdiction over plaintiff as it relates to practice before the IRS.

136. Defendants, under color of law, did deny and did conspire to deny plaintiff due process of law by the invocation of a law that is unreasonable, arbitrary and capricious; to wit, that the OPR was authorized by law to conduct a full scale, four year investigation and disclosure of confidential information on plaintiff.

137. Defendants, under color of law, did deny and did conspire to deny plaintiff the right to present evidence on her behalf to a tribunal and to have the right of controverting by proof every material fact bearing on the allegations pled by defendants, in violation of the Due Process Clause of the Fifth Amendment to the Constitution.

138. Defendants, under color of law, did deny and did conspire to deny plaintiff

due process of law by the errant 'presumption' position of the OPR that all attorneys, CPAs, et al are recognized practitioners before the IRS by virtue that they possess a state license; all contrary to policies, procedures and law.

139. Defendants, under color of law, did conduct and did conspire to conduct an illegal search of plaintiff's person, papers and effects in violation of the unreasonable search and seizure clause of the Fourth Amendment to the Constitution.

140. Upon information and belief, defendants, under color of law, did examine, inspect and disclose plaintiff's confidential information without authority of law and without probable or reasonable cause to do so with the intent of using such illegally obtained evidence against her in a civil or criminal proceeding.

141. Because the law requiring that the OPR establish that it has jurisdiction over an attorney prior to instituting proceedings was clearly established at the time OPR commenced an institution of proceeding against plaintiff and proceeded to investigate and commit unauthorized disclosures, IRS and OPR officials will be held to know that the law forbade conduct previously identified as unlawful; to wit, a reasonably competent public official should know the law governing its conduct. It did not.

142. Evidence presented show that government officials' actions depriving

48

plaintiff of Constitutionally protected rights and its conspiring to cover up its wrong doings, intentionally inflicted emotional distress on plaintiff.

143. Defendants' activities as noted herein are or were in any way even remotely related to the agent's official duties.

144. OPR and IRS agents' unauthorized and illegal investigations and disclosures of her confidential, private information has subjected plaintiff to great humiliation, embarrassment, and mental suffering and damage to reputation.

145. Defendants withholding of exculpatory evidence and the creation of misleading and false accounts of facts has subjected plaintiff to great mental and bodily distress.

146. Defendant, United States of America is in possession of documentation and is in the position to establish the validity of plaintiff's Complaint.

147 The defendant United States of America is in possession of documentation necessary to further prove the validity of plaintiff's claims and to perfect proper and timely service of process on all the defendants named herein.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court:

1. Because our system of jurisprudence rests on the assumption that all persons, whatever their role or position in the government, are subject to federal laws, and based on evidence presented in her Complaint, plaintiff asks this Court to declare that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

2. To allow amendment of her pleadings as discovery progresses and the government produces documentation necessary to prove the validity of her case.

3. To enter judgment in favor of plaintiff for compensatory and punitive damages, as allowed by law, against each defendant, jointly and severally.

4. Other such additional relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 23rd day of January 2007.

KAREN K. DANIELS, PRO SE
778 Mulberry Street
Macon, Georgia 31201
(478) 741-3000
karenkdaniels@gmail.com

50

### III. VERIFICATION

Pursuant to 28 U.S.C. § 1746, I DECLARE AND VERIFY UNDER

PENALTY OF PERJURY UNDER THE LAWS OF THE United States of

America that the foregoing is true and correct.  Executed on January 23, 2007.


Karen K. Daniels, Pro Se
778 Mulberry Street
Macon, Georgia 31201
(478) 741-3000
karenkdaniels@gmail.com

PAUL H. CHAPPELL
*Attorney at Law*
*1406 Princess Anne Street*
*Fredericksburg, Virginia 22401*
TEL: (540) 374-1283          FAX: (540) 374-1284

Admitted in Maryland only

Exhibit D1

May 6, 2003

Department of Treasury
Internal Revenue Service Center
1111 Constitution Ave., NW
Washington, DC 20224,
Attn:    Jonathan Huth,
          Office of Professional Responsibility

Re:    Karen K. Daniels:

          1.  NOTICE OF LACK OF AND CHALLENGE TO SUBJECT
               MATTER JURISDICTION

          2.  ACTUAL AND CONSTRUCTIVE NOTICE OF DISCLOSURE
               VIOLATIONS

Dear Mr. Huth:

          I am writing in response to your letter of February 21, 2003 re-mailed on April 7,
2003 to my client, Karen K. Daniels, Esq. of Macon, Georgia. Before addressing the merits
of the issues raised by your letter there are two much larger, threshold issues, which must
first be addressed:

          1.  Does the Internal Revenue Service as an agency of the Executive Branch
               of the government of the United States have jurisdiction in this matter, in
               the absence of the submission by Ms. Daniels of an executed Power of
               Attorney (Form 2848) as a taxpayer's representative?

          2.  Has there occurred a breach of tax returns confidentiality within the
               agency in violation of section 6103 of the Internal Revenue Code?

          Until these two threshold questions are resolved it seems impossible in the current
posture of this matter to reach and address the issues raised by your letter.

          I am therefore hereby notifying you that my client has not submitted a power of
attorney or otherwise made a notice of appearance for purposes of representing a client
before the Internal Revenue Service on tax issues.

# I

## SUBJECT MATTER JURISDICTION

a.  Lack of Subject Matter Jurisdiction:
    i.  Your review and standard of review are, as a matter of law, inapplicable to Ms. Daniels.
b.  Challenge to Subject Matter Jurisdiction:
    i.  I therefore request that you furnish documented proof of IRS jurisdiction n this matter.
c.  However, in the event that IRS jurisdiction should be established:
    i.  Subject to proof of jurisdiction, I hereby reserve the right of my client to a conference. Such a conference should not be scheduled until the jurisdiction of the Commissioner has been established as a matter of law inclusive of any/all litigation and/or possible administrative appeals pursuant to this jurisdictional challenge.

# II

## DISCLOSURE VIOLATION(S)

a.  The Office of Professional Responsibility lacking subject matter jurisdiction to regulate Ms. Daniels professional representation precludes this office from possession of any and all return and tax return information regarding Ms. Daniels, pursuant to 26 U.S.C. §6103.[1]

---

[1] Internal Revenue Code, § 6103. Confidentiality and disclosure of returns and return information

(a) General rule
Returns and return information shall be confidential, and except as authorized by this title -
    (1) no officer or employee of the United States, . . .
shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.
(b) Definitions
    For purposes of this section -
    (1) Return
    The term "return" means any tax or information return, . . .
    (2) Return information
    The term "return information" means -
        (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments,    whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a    return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
        (B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public

b. The Office of Professional Responsibility is required to notify the Treasury Inspector General's Office for Tax Administration (TIGTA) of the violation of the person or persons providing the return and tax return information regarding Ms. Daniels of the violation.[2]

In responding to this Notice. I am respectfully requesting you to detail precisely what you steps are taking to deal with these serious violations of Ms. Daniels rights under the law.

Respectfully submitted,

*Paul H. Chappell*

Paul Chappell
Attorney for Karen K. Daniels, Esq.

---

inspection under section 6110, but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer. . . .

(3) Taxpayer return information
   The term "taxpayer return information" means return information as defined in paragraph (2) which is filed with, or furnished to, the Secretary by or on behalf of the taxpayer to whom such return information relates. . . .

(8) Disclosure
   The term **"disclosure"** means the making known to any person in any manner whatever a return or return information.

[2] See IRM  http://www.irs.gov/irm/page/0,,id%3D86559,00.html#ss6  to wit:
11.3.1.6  (12-31-2001) - Reporting Unauthorized Accesses or Disclosures
   1.    Indications of willful unauthorized accesses or disclosures of returns or return information must be reported to the Treasury Inspector General for Tax Administration (TIGTA). Field employees should report these matters to the local TIGTA office. Washington, D.C., metro area employees should report these matters to TIGTA's main office.

Form **2848**
(Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney
# and Declaration of Representative

► See the separate Instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name _____
Telephone _____
Function _____
Date ___ / ___ / ___

**Part I** Power of Attorney (Type or print.)

**1   Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

Taxpayer name(s) and address

Karen K. Daniels
PO Box 4973
Macon, GA 31201

Social security number(s)
267 78 2725

Daytime telephone number
( 478 ) 741-3000

Employer identification number
59 1947106

Plan number (if applicable)

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** must sign and date this form on page 2, Part II.

Name and address
Paul H Chappell. Esq
1906 Princess Anne St.
Fredericksburg VA 22401

CAF No. ...... 03-0007569R
Telephone No. ... 540-374-1283
Fax No. ...... 540-374-1285
Check if new: Address ☐   Telephone No. ☐

Name and address

CAF No. ----------------------------
Telephone No. ----------------------
Fax No. ----------------------------
Check if new: Address ☐   Telephone No. ☐

Name and address

CAF No. ----------------------------
Telephone No. ----------------------
Fax No. ----------------------------
Check if new: Address ☐   Telephone No. ☐

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3   Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Authorized Attorney Representation | | |

**4   Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific uses not recorded on CAF. . . . . . . . . ► ☐

**5   Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for Line 5. Acts authorized.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ----------------------
--------------------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------------------

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6   Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ►

For Paperwork Reduction and Privacy Act Notice, see the separate Instructions.    Cat. No. 11980J    Form **2848** (Rev. 1-2002)

Form 2848 (Rev. 1-2002)

Page 2

**7  Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

   **a**  If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . . . . . . . . . . . . . . . .

   **b**  If you also want the second representative listed to receive a copy of such notices and communications, check this box . . . . ▶ ☑

   **c**  If you do not want any notices or communications sent to your representative(s), check here . . . . . . . . . . . ▶ ☐

**8  Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . ▶ ☐

   **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9  Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

   ▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| Signature | Date | Title (if applicable) |
|---|---|---|
| *Barbara B. Daniels* | 4/30/03 | |

Print Name

| Signature | Date | Title (if applicable) |
|---|---|---|
| | | |

Print Name

## Part II  Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

   **a**  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

   **b**  Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

   **c**  Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.

   **d**  Officer—a bona fide officer of the taxpayer's organization.

   **e**  Full-Time Employee—a full-time employee of the taxpayer.

   **f**  Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

   **g**  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).

   **h**  Unenrolled Return Preparer—an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation—Insert above letter (a–h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Maryland | *Paul H. Chappell* | 5/6/03 |
| | | | |

Form **2848** (Rev. 1-2002)

FedEx
Express

0215

8390 0378 8925

From
Date 5/6/03

Sender's
Name  CHAPPELL, PAUL, ATTY

Company

Address  1406 PRINCESS ANNE ST

FREDERICKSBURG  State VA  ZIP 22401

Phone (540)374-1283

Sender's FedEx
Account Number  2512-0522-1

Your Internal Billing Reference

Recipient's
Name  IRS Office

Company  IRS Office, Professional Responsibility

Address  111 Constitution Ave N.W.

To  Washington  State D.C.  ZIP 20004

Try online shipping at fedex.com

Questions? Visit our Web site at fedex.com
or call 1.800.Go.FedEx® 800.463.3339.

0239544845

4a Express Package Service
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☐ FedEx Express Saver

4b Express Freight Service
☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

5 Packaging
☒ FedEx Envelope
☐ FedEx Pak®
☐ FedEx Box
☐ FedEx Tube
☐ Other

6 Special Handling
☐ SATURDAY Delivery
☐ HOLD Weekday at FedEx Location
☐ HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
☐ No  ☐ Yes  ☐ Yes  ☐ Dry Ice  ☐ Cargo Aircraft Only

7 Payment  Bill to:
☐ Sender  ☐ Recipient  ☐ Third Party  ☐ Credit Card  ☐ Cash/Check

Total Packages    Total Weight    Total Declared Value
                                  $            .00

8 Release Signature

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE

447



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

7/8/2003

Dear Customer:

Here is the proof of delivery for the shipment with tracking number 839003788925. Our records reflect the following information.

**Delivery Information:**

Signed For By: H.JACKSON
Delivery Location: 1111 CONST AVE NW IRS
Delivery Date: May 7, 2003
Delivery Time: 1559

**Shipping Information:**

Tracking No: 839003788925                              Ship Date: May 6, 2003

Recipient:                                              Shipper:
JONATHAN HUTH
IRS/OFFICE PROFESSIONAL RESPON                          CHAPPELL, PAUL, ATTY
1111 CONSTITUTION AVE NW                                1406 PRINCESS ANNE ST
WASHINGTON, DC 20224                                    FREDERICKSBURG, VA 224013639
US                                                      US

Shipment Reference Information:                          DANIEL

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx®
Reference No.: R2003070800086969532

COPY

**PAUL H. CHAPPELL**
Attorney at Law
1406 Princess Anne Street
Fredericksburg, Virginia 22401

**COPY**

Tel: (540) 374-1283

Fax: (540) 374-1284

Admitted in Maryland only

July 11, 2003

Department of the Treasury
Internal Revenue Service Center
1111 Constitution Ave., NW
Washington, DC 20224, N:C:SC:OPR
Attn:  Jonathan Huth,
        Office of Professional Responsibility
FedEx Airbill No.: 8413-2836-5259

Exhibit __2__

Exhibit __D2__

Re:    Karen K. Daniels – alleged professional matter

Dear Mr. Huth:

By letter dated May 6, 2003 and shipped to you by Federal Express[1], I effectively challenged the Office of Professional Responsibility's jurisdiction in this matter, and notified you of Disclosure Violations and also established the following material and dispositive facts:

a)    Ms. Daniels has never had and has no powers of attorney and/or declarations of representation filed with your agency. *see attached Affidavit.*

b)    Your office has first hand knowledge that intra-agency information disclosure violations of Ms. Daniels tax return and tax return information have been made by IRS employees' breeching the restrictions imposed by section 6103 of the Code.

I requested that your office establish its jurisdiction over this matter by the production of any Power(s) of Attorney and/or Declaration(s) of Representation in your possession. I also requested that you schedule a hearing, as required should you conclude that you have jurisdiction to proceed.

Mr. Huth, I further requested that you respect the clearly established and published requirement(s) to notify the proper authorities of the disclosure violations, which have obviously occurred as evidenced in your correspondence addressed to Ms. Daniels.

It is a fact, Sir, that more than 60 days have elapsed since your office was notified of the disclosure violations and lack of jurisdiction in this matter.  Mr. Huth, surely you are aware that it is both published procedure and established law that agency correspondence must be acknowledged within 10 days of receipt. If it is apparent upon receipt that incoming

---

[1] FedEx Airbill Number: 839003788925 Received on: May 7, 2003 at 15:59 by H. Jackson. *see* computer confirmation attached hereto as Exhibit 1.

– 2 –

July 11, 2003

correspondence cannot be answered within 30 days of receipt, a request for extension of time within which to respond must be made within 10 days.

Your office has failed to do the following:

a)    Acknowledge receipt of my correspondence; and

b)    Request additional time to respond; and

c)    Respond in any manner; and

d)    Provide any document(s) establishing jurisdiction; and

e)    Contact me to schedule a mutually convenient hearing date; and

f)    Provide notice of disposition and/or intent to proceed;

g)    Provide information on the corrective actions taken regarding the statutory disclosure violations.

In view of all of the above, Mr. Huth, your failures to respond and establish jurisdiction, constitute admissions of all dispositive facts asserted and the total absence of agency jurisdiction. Therefore, I demand that you acknowledge disposition of this matter in writing immediately upon receipt of this demand. Thank you for your prompt response

Sincerely,

Paul H. Chappell
Paul H. Chappell
Attorney for Karen K. Daniels, Esq.

CC:    Congressman Jim Marshall
       502 Cannon House Office Building
       Washington, D.C. 20515

       Senator Zell Miller
       257 Dirksen Senate Building
       Washington, D.C. 20510

**fed**ex Express

From Please press firmly

Date 7/4/03

Sender's FedEx
Account Number 2512-0522-1

Sender's Name 8413 2836 5259

Company CHAPPELL, PAUL, ATTY

Phone (540) 374-1283

Address 1406 PRINCESS ANNE ST

City FREDERICKSBURG  State VA  ZIP 22401-3639

Your Internal Billing Reference K. Daniels

To
Recipient's Name Jonathan Holt  Phone

Company IRS/Office Professional Responsibility 4A

Address

Address 111 Constitution Ave NW

City Washington  State DC  ZIP 20204

SPH410

form 0245

4a Express Package Service

☒ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☐ FedEx Express Saver

4b Express Freight Service

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

5 Packaging

☐ FedEx Pak
☒ FedEx Envelope
☐ Other

6 Special Handling

☐ SATURDAY Delivery
☐ HOLD Weekday
☐ HOLD Saturday

Does this shipment contain dangerous goods?

☐ No  ☐ Yes  ☐ Yes  ☐ Dry Ice
☐ Cargo Aircraft Only

7 Payment Bill to:

☒ Sender
☐ Recipient
☐ Third Party
☐ Credit Card
☐ Cash/Check

Total Packages 1   Total Weight   Total Declared Value $ .00

8 Release Signature

0252887671

447

State of GEORGIA

County of BIBB



## AFFIDAVIT

PERSONALLY APPEARED before me, the undersigned officer, duly authorized to administer oaths, Karen Kelly Daniels, Esq., who, after first being duly sworn, deposes and states as follows:

1.

As of this date, to the best of my knowledge, belief and recollection, I have never submitted nor provided a power of attorney or otherwise notice to the Internal Revenue Service of an appearance on behalf of or for a client(s) in regard to litigation of tax issues.

AFFIANT FURTHER SAYETH NOT.

Karen K. Daniels, Esq., Deponent

State of Georgia

ss

County of Bibb

Before me this day personally appeared Karen K. Daniels, who, after being duly sworn upon oath, deposes and states that she is the maker of the foregoing Affidavit, that she knows and understands the contents thereof, and that the statements made therein are true and correct to the best of her knowledge and belief.

Subscribed and sworn to before me on this 8th day of July 2003.

_____
Notary Public

My Commission Expires:

7/25/05

ANGELA CLIBURN
Notary Public, Houston County, Georgia
My Commission Expires July 25, 2005



**PAUL H. CHAPPELL**
*Attorney at Law*
*1406 Princess Anne Street*
*Fredericksburg, Virginia 22401*
TEL: (540) 374-1283          FAX: (540) 374-1281

*Admitted in Maryland only*

OFFICE OF DIRECTOR OF PRACTICE OP — 03 AUG -6 AM 9: 59 — RECEIVED

July 30, 2003

Department of Treasury
Internal Revenue Service Center
1111 Constitution Ave., NW
Washington, DC 20224;
Attn:   Jonathan Huth, Esq.
            Office of Professional Responsibility

        Re:     Karen K. Daniels:

Dear Mr. Huth:

        As of this date I have received no response from my two (2) previous letters to you dated May 6 and July 11, 2003. In order to bring closure to this unfortunate and unauthorized investigation and also to notify your agency of Karen K. Daniels claim for reimbursement and damages I am submitting to you herewith a copy of my letter to the Director of Practice of the IRS and a copy of my letter to the Appeal Area Director at the Internal Revenue Service Center in Chamblee, Georgia.

        Thank you for your prompt response and letter of apologize in bringing this matter to a close.

                                Sincerely,

                                *Paul H. Chappell*
                                Paul Chappell
                                Attorney for Karen K. Daniels, Esq.

PAUL H. CHAPPELL
Attorney at Law
1406 Princess Anne Street
Fredericksburg, Virginia 22401

TEL: (540) 374-1283                              FAX: (540) 374-1284

Admitted in Maryland only

July 30, 2003

Office of Director of Practice
Director                                          **Exhibit D 4**
Department of Treasury
Internal Revenue Service Center
1111 Constitution Ave., NW
Washington, DC 20224,
FedEx Airbill No.: 8413-2836-5053

Re:     Formal Protest – to Unconscionable acts by Office of Professional
        Responsibility outside the authority of that office regarding
        Karen K. Daniels, Esq.

Dear Director:

   This letter is to notify you of the wrongful actions of your subordinate, Jonathan
Huth, Esq. in the Office of Professional Responsibility. In an effort to avoid redundancy
I have enclosed herewith a copy of my letter to the Area Appeals Director of the IRS
Service Center, Chamblee, Georgia that more fully explains the factual elements of this
matter.

   Mr. Huth has received two letters from me establishing by credible evidence that Ms.
Daniels is outside the jurisdiction of your agency and the scope of his office and inquiry.
My letters have gone unanswered, violating not only the bounds of common courtesy
and professionalism, but also the law and established agency procedure compelling timely
response.

   I trust that you will accept your duty to resolve this egregious activity and provide
relief. Ms. Daniels seeks a letter of apology; legal and attorneys fees; as well as
confirmation that those responsible for the intra-agency disclosure violations have
received appropriate reprimands and sanctions for disclosing statutorily protected
confidential information.

   Thank you for your prompt assistance in resolving this matter.

July 30, 2003

Sincerely,

*Paul H. Chappell*

Paul H. Chappell
Attorney for Karen K. Daniels, Esq.

CC:

Jonathan Huth, Esq.
Department of Treasury
Internal Revenue Service
1111 Constitution Ave., N.W.
Washington, D.C. 20224 N:C:SC:OPR

PAUL H. CHAPPELL
Attorney at Law
1406 Princess Anne Street
Fredericksburg, Virginia 22401

TEL: (540) 374-1283                    FAX: (540) 374-1284

Admitted in Maryland only

July 30, 2003

Department of the Treasury
Internal Revenue Service Center
Attn:   Appeals Area Director
4800 Buford Highway-MS 93
Chamblee, Georgia 30341
FedEx Airbill No.: 8413-2836-5086

Exhibit _D5_

Re:    Formal Protest – Notice and Demand
       Karen K. Daniels, Esq. – Director of Practice

Dear Sir or Madam:

According to the Internal Revenue Manual, [IRM] 8.10.1.1.3.2, your office is responsible for reviewing reports by Internal Revenue Service, [IRS] employees to the Director of Practice alleging misconduct or violations set forth in Circular No. 230, §10.53 by professionals practicing before the IRS when the violation does not involve another IRS employee. Your report should contain sufficient detail, including any documentation or exhibits, to substantiate the information regarding each violation, a statement regarding whether or not the professional is known as a tax practitioner, and a copy of declarations filed pursuant to Circular No. 230 §10.3. The IRM goes on to state:

"Unless the practitioner has engaged in actual practice before the Service, disciplinary proceedings may not be instituted; and [c]are should be taken to ensure that the memo contains all the necessary information."

Given that this responsibility is assigned to the Area Director to read, sign and forward the reports to the Director of Practice, it falls upon you to validate whether or not the report is complete.

It appears your office initiated a report regarding Karen K. Daniels, Esq. of Macon Georgia, which was ultimately assigned to Jonathan Huth, Esq., Office of Professional Responsibility at the IRS National Office in Washington, D.C.

On February 21, 2003 Mr. Huth attempted to notify Ms. Daniels of an inquiry by a letter addressed to 1929 N.W. 12th Ter., Gainsville, Fl 32609-3420. Though the letter was marked personal and confidential it was opened by a person or persons unknown at that address and returned to Mr. Huth. Mr. Huth later affixed a small yellow note to this letter saying:

"Letter resent April 7, 03"

On or about April 7, 2003 Mr. Huth placed the typewritten letter dated February 21, 2003 in an envelope addressed to 145 Castlegate Road, Macon Georgia 31210, with the small yellow note still affixed; wherein he notified Ms. Daniels of his inquiry, offering her an opportunity to discuss the matter, provide documentation and/or request a formal hearing. Ms. Daniels received the second mailing of the letter on or about April 11, 2003.

On May 6, 2003 I timely responded on behalf of Ms. Daniels, notifying Mr. Huth that Ms. Daniels had never practiced before the IRS and was therefore not subject to an inquiry. Based on Mr. Huths commentary in the letter it is obvious that serious intra-agency (26 U.S.C. §6103) disclosure violations have occurred regarding Ms. Daniels; pursuant thereto I reminded him of his duty to report said disclosure violations. In the event that Mr. Huth believed he had jurisdiction to proceed I requested copies of the informations and documents upon which he relied and requested a hearing. Mr. Huth did not respond.

On July 14, 2003 I sent a second letter to Mr. Huth, containing an affidavit by Ms. Daniels, again requesting he respond providing Ms. Daniels with resolution in this matter. As of this date Mr. Huth has remained silent, refusing to respond. This refusal to respond by Mr. Huth constitutes violations of both the law and the agency's published procedures regarding correspondence; dereliction and negligence in the performance of his duty; and intentional, willful harassment.

In an effort to provide evidence that she was not engaged in practice before the IRS, Ms. Daniels submitted a Privacy Act Request dated July 11, 2003 seeking copies of any and/or all Forms 2848, Powers of Attorney and/or Declarations of Representation on file with the Chamblee Service Center. On July 16, 2003 the Disclosure Officer, M.P. Mahoney on behalf of Marie Twarog responded stating:

> "We have conducted a thorough search of our files. There are no records responsive to your request." *see* Certified Copies of Privacy Act Request, IRS response and Envelope attached hereto as Exhibits 1, 2, and 3 respectively.

It goes without saying, that your office was responsible for determining if Ms. Daniels was, in fact practicing before the IRS; and that a search of your records for Forms 2848, Powers of Attorney, and/or Declarations of Representation before making your referral to the Office of Director of Practice should have been conducted. It is obvious your office failed to perform this required act. It is equally obvious that your report submitted to the Office of Director of Practice was incorrect and incomplete.

Given that your office was responsible for conducting the initial inquiry, determining jurisdiction, apparent disclosure violations under 26 U.S.C. §6103 and referring the report, it falls to you to facilitate the resolution of this matter.

Ms. Daniels' rights to privacy have been grossly violated; both slander and libel have occurred; her professional and personal reputations have been besmirched; her peace has been disturbed by reckless agency intimidation, and her records criminally trespassed.

Furthermore, she has been financially and emotionally damaged by the colorable acts perpetrated by your office and that of the Office of the Director of Practice/Office of Professional Responsibility.

Ms. Daniels is entitled to a letter of apology; immediate closure of this inquiry, and damages to the extent of her loss of time, attorney's and legal fees for the arbitrary, capricious and negligence practiced by your office and the Office of the Director of Practice/Office of Professional Responsibility.

Ms. Daniels expects your office to notify the Treasury Inspector General Tax Administration, [TIGTA] of the 26 U.S.C. §6103 disclosure violations, as well as the Conduct and Practice Violations, which have occurred in this matter perpetrated by your office and that of the Office of the Director of Practice/Office of Professional Responsibility.

Failure to immediately respond will be construed as an attempt to further violate my clients rights to privacy and fundamental due process necessitating the taking of any and all actions both administratively and legally available for remedy.

Thank you for promptly taking all available steps to provide Ms. Daniels with reimbursement and compensation for damages.

Sincerely,

Paul H. Chappell

Paul H. Chappell
Attorney for Karen K. Daniels, Esq.


CC:

Congressman Jim Marshall
502 Cannon House Office Building
Washington, D.C. 20515

Office of Director of Practice
Director
Department of Treasury
Internal Revenue Service Center
1111 Constitution Ave., NW
Washington, DC 20224,

Senator Zell Miller
257 Dirksen Senate Building
Washington, D.C. 20510

Mr. Jonathan Huth
Department of Treasury
Internal Revenue Service
1111 Constitution Ave., N.W.
Washington, D.C. 20224 N:C:SC:OPR

PAUL H. CHAPPELL
Attorney at Law
1406 Princess Anne Street
Fredericksburg, Virginia 22401

TEL: (540) 374-1283                    FAX: (540) 374-1284

Admitted in Maryland only

July 30, 2003

Office of Director of Practice
Director
Department of Treasury
Internal Revenue Service Center
1111 Constitution Ave., NW
Washington, DC 20224,
FedEx Airbill No.: 8413-2836-5053


Exhibit Dc

Re:    Formal Protest – to Unconscionable acts by Office of Professional Responsibility outside the authority of that office regarding Karen K. Daniels, Esq.

Dear Director:

This letter is to notify you of the wrongful actions of your subordinate, Jonathan Huth, Esq. in the Office of Professional Responsibility. In an effort to avoid redundancy I have enclosed herewith a copy of my letter to the Area Appeals Director of the IRS Service Center, Chamblee, Georgia that more fully explains the factual elements of this matter.

Mr. Huth has received two letters from me establishing by credible evidence that Ms. Daniels is outside the jurisdiction of your agency and the scope of his office and inquiry. My letters have gone unanswered, violating not only the bounds of common courtesy and professionalism, but also the law and established agency procedure compelling timely response.

I trust that you will accept your duty to resolve this egregious activity and provide relief. Ms. Daniels seeks a letter of apology; legal and attorneys fees; as well as confirmation that those responsible for the intra-agency disclosure violations have received appropriate reprimands and sanctions for disclosing statutorily protected confidential information.

Thank you for your prompt assistance in resolving this matter.

*Earl – whats the status on this?*

*Eric*

*8/12/03*

Karen K. Daniels * 145 Carriagegate Road * Macon, Georgia 31210 * (478) 471-9515

October 9, 2003

Department of Treasury                    2003 OCT 21   AM 10 59
Internal Revenue Service Center
1111 Constitution Ave., NW
Washington, DC 20224 N:C:SC:OPR
Office of Professional Responsibility
Attn: Brien T. Downing, Director                    **Exhibit** $\underline{D7}$

CERTIFIED MAIL NO.: 7003 1680 0002 0781 6124
RETURN RECEIPT REQUESTED

    Re:   Karen K. Daniels -- SSN: 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
          Alleged professional matter; involving:

          **NOTICE** of OPR unprofessional behavior; and
          **NOTICE** of OPR failures to respond to correspondence; and
          **NOTICE** of OPR denial of due process; and
          **NOTICE** of Disclosure Violations (IRC §6103).

Dear Mr. Downing:

    Your subordinate, Mr. Jonathan Huth, has received two letters[1] refuting and challenging the jurisdiction of his inquiry into my alleged practice before the Internal Revenue Service, which after a full five months, remain unanswered.

    Your office received notification of Mr. Huth's unprofessional behavior by letter on or about the first week of August 2003, which also remains unanswered. If agency reorganization or personnel changes have occurred, the correspondence would/should have been forwarded to the proper office and/or person; consequently there is no excuse for such unprofessional behavior.

    The aforementioned letters not only refuted the allegation(s), challenged jurisdiction, but also alternatively sought discovery and a hearing. Needless to say, these requests have been denied by the absolute and undeniable refusal of your office and subordinates to respond.

---

[1] FedEx Airbill Number: 839003788925. Letter to Jonathan Huth, shipped on May 6, 2003 and received on: May 7, 2003 at 15:59 by H. Jackson; FedEx Airbill Number 841328365259, 2nd letter and Daniels' Affidavit shipped on July 11, 2003 and received on July 14, 2003 at 9:41 a.m. by L. Jackson. See Letters and confirmation attached hereto as Exhibits 1 and 2, respectively.

3rd Notice of Failure to Respond, Disclose, Violations of Privacy
Page 1 of 2

Karen K. Daniels * 145 C   'legate Road * Macon, Georgia 31210   '478) 471-9515

I have submitted Privacy and Freedom of Information Act Requests to the Disclosure Office seeking the documents necessary for Mr. Huth's pursuit of this action, with no response, as yet.

I'm sure you are aware that this behavior is not only unconscionable but constitutes a gross violation of agency procedure and the law fixing response times to correspondence. The actions described above effectively and literally deny my administrative and fundamental rights to due process.

Mr. Huth's initial letter revealed knowledge of tax return and tax return information which would/should never have been disclosed, had the proper procedures been followed by the referring branch and authorizing agent. This/these violations constitute violations of my privacy under the disclosure laws in IRC §6103.

I submitted a Privacy Act Request dated July 11, 2003 seeking copies of any and/or all Forms 2868, Powers of attorney and/or Declarations of Representation on file with the Chamblee Service Center. On July 16, 2003 the Disclosure Officer, M.P. Mahoney on behalf of Marie Twarog responded stating:

"We have conducted a thorough search of our files. There are no records responsive to your request." *see* Certified Copies of Privacy Act Request, IRS response and Envelope attached hereto as Exhibits 3, 4, and 5 respectively.

I have read Treasury Circular 230 and the corresponding regulations; therefore I am aware that unless I engaged in *actual practice* before the Service, disciplinary proceedings may not be instituted.

It is clear that a false complaint/report was filed; IRC §6103 disclosure violations have occurred; Mr. Huth and the employee authorizing the referral have demonstrated negligence and dereliction of their duty by failing to perform ordinary due diligence prior to initiating an inquiry.

I have been harmed by these actions to the extent of my attorney fees, cost of mailing, research fees and time lost. I am due at the very least an apology, notification and assurance that this inquiry has been closed.

Thank you for your attention to this matter. Please feel free to call if there are any questions.

Sincerely,

Karen K. Daniels

KKD/

3rd Notice of Failure to Respond, Disclose, Violations of Privacy
Page 2 of 2

**FILE COPY**

# DANIELS LAW GROUP
### 778 MULBERRY STREET, MACON, GA 31201
**(478) 741-3000 (o)        (478) 741-0003 (FACSIMILE)**

December 5, 2004

Keith C. Ott, Attorney Adviser
Office of Professional Responsibility
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, D.C. 20224


*Exhibit J*

<u>CERTIFIED RECEIPT NO.:</u> 7003 1680 0002 0777 1911
**RETURN RECEIPT REQUESTED**

     Re:    Karen K. Daniels - individual and business entity tax compliance matters

Dear Mr. Ott:

     When you and I spoke on the phone October 27, 2004 and after warning me that the final decision lay with the Mr. Namorato, Director of the OPR, you informed me that because the OPR had no proof that I had represented taxpayers before the IRS, you were going to recommend to the Chief of Enforcement, IRS, that my case be dismissed. So that I could have some closure on this case, you also stated that you would request that any decision by the Chief of Enforcement be in writing. You felt that a decision should be rendered within two weeks.

     On November 10, 2004, I followed up on our October 27th conversation via a facsimile letter to you inquiring whether a decision had been made.

     On December 1, 2004, by telephone, you informed me that Mr. Namorato wanted this case referred to the Chief of Enforcement, IRS. In spite of your former promise to provide me with any decision in writing, you refused to do so upon my request citing work doctrine privilege.

     Lastly, you stated that the Director was proceeding against me under Circular 230, Section 10.60(d). I have reviewed Circular 230 (31 CFR, Subtitle A, Section10.60 (revised as of July 26, 2002) and find no Section 10.60 (d). For your information I have enclosed that Circular 230 provision.

     After nearly two years of this agency's failure to properly inform me as to a specific Circular 230 provision I have allegedly violated, I would appreciate being informed of the same. Pursuant to Circular 230, Sbupart D, Sec. 10.60 © - Institution of proceeding, "Except as provided in Sec. 10.82, a proceeding will not be instituted under this section <u>unless</u> the proposed respondent previously has been advised in writing of the **law, facts and conduct** warranting such action and has been accorded an opportunity to dispute facts, assert additional facts and make arguments (including an explanation or description of mitigating circumstances)."

     Pursuant thereto, please provide me in writing with a clear, concise description of the facts and law that constitute the basis of any charges against me so that I may prepare a defense to the same.

Keith Ott, Senior Adviser, OPR
December 5, 2004
Page 2

_____

Lastly, at this time I renew my reasonable request that your written recommendation to the Director and/or Chief of Enforcement and any written decisions denying the same be provided to me.

If you have any questions please feel free to call.

Thanking you for your consideration in this matter I remain

Respectfully submitted,

Karen K. Daniels

KKD/
Encl:   Circular 230 sections
cc:     Cono R. Namorato, Director, OPR
        Honorable Congressman Jim Marshall

State of Georgia }
                 }        ss
County of Bibb   }

Subscribed before me, a Notary Public, this 5th day of December 2004, the above named individual, Karen K. Daniels did present a Drivers License, to validate her identity.

Denise D. Jackson
Notary Public

My Commission Expires:   DENISE JACKSON, NOTARY
                         My Commission Expires
                         April 2, 2006

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Keith Ott, attorney*
*Office of Professional*
*Responsibility*
*Internal Revenue*
*Service*
*1111 Constitution Ave*
*Washington D.C. 20224*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Wanda Lassiter*   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
*WANDA LASSITER*   DEC 1 6 200

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7003 1680 0002 0777 1911

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

WASHINGTON DC 20224

| | |
|---|---|
| Postage | $ $0.60 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.65 |

Sent To *Keith Ott, atty advisor OPR*

Street, Apt. No.; or PO Box No. *1111 Consti Av*

City, State, ZIP+4 *Wash D.C. 20224*

7003 1680 0002 0777 1911

rec'd 8/25/04

FILE COPY

## KAREN KELLY DANIELS
*Registered Nurse*
*Attorney at Law*
*IN GOD WE TRUST*

Telephone (478) 741-3000

Facsimile No. (478) 741-0003

ELDER LAW - MEDICAID ASSET PLANNING
SOCIAL SECURITY DISABILITY LAW
WORKERS' COMPENSATION
PERSONAL INJURY - WRONGFUL DEATH
TRIAL PRACTICE

MAILING ADDRESS
778 Mulberry Street
Macon, Georgia 31201

August 20, 2004

Exhibit J2

Honorable Cono R. Namorato, Director
Office of Professional Responsibility (OPR)
Internal Revenue Service
SE:OPR - Room 7238 IR
1111 Constitutional Avenue, NW
Washington, DC 20224

VIA FACSIMILE MAIL NO.: (202) 622-2207 and
CERTIFIED RECEIPT NO.: 7003 1680 0002 0782 8783
RETURN RECEIPT REQUESTED

Re:    Karen K. Daniels - individual and business entity tax compliance matters

Dear Mr. Namorato:

As you are aware, I have, in good faith, corresponded with this agency and the Department of the Treasury from *May 2003 through October 2003*, seeking a due process hearing on the OPR's allegations that I have violated regulations governing practice before the IRS and the production of documents contained in this agency's file on my behalf.

*July 2004* was this agency's first response to my repeated responses, inquiries, and Freedom of Information and Privacy Act requests.

The Internal Revenue Manual, specifically [IRM] 8.10.1.1.3.2, shows that the OPR is responsible for reviewing IRS employee reports to the Director of Practice alleging misconduct or violations as set forth in Circular No. 230, Sec 10.53 *by professionals practicing before the IRS*... Said report is to contain the following:

　　1)   Sufficient detail, including any documentation or exhibits, substantiating said information regarding each alleged violation;

　　2)   A statement regarding whether or not the professional is known as a *tax practitioner*, and

　　3)   A copy of a declaration filed by said tax practitioner pursuant to Circular No. 230 Sec 10.3

Honorable Cono R. Namorato, Director
Office of Professional Responsibility (OPR)
August 20, 2004
Page 2

The documents produced are totally bereft of any such evidence.

The IRM further states that "Unless the *practitioner* has engaged in actual practice before the Service, disciplinary proceedings may not be instituted; and [c]are should be taken to ensure that the memo contains all the necessary information."

Based on the evidence produced or lack thereof, It is a 'chilling' fact that I am being prosecuted by this agency without any authority or jurisdiction to do so.

Further, from the documentation produced, it is also clear that, without supporting documentation or evidence, I have been 'singled out' for an incorrectly perceived association with 'abusive tax schemes, schemers, and promoters'.

And, even more chilling is the fact that I have been denied the opportunity to defend myself against such unsupportable allegations; nay, against such mere 'suspicions' of wrongdoing.

Unless this agency can produce evidence showing that it has the lawful authority and jurisdiction to investigate attorneys who do not practice before the IRS, along with supporting evidence of wrongdoing on my part justifying an investigation by this agency, I request closure of any investigation of me with notification of this fact to me and anyone person(s) involved with this case within ten (10) days of receipt of this letter.

Thank you for taking all appropriate steps to protect my constitutional rights to privacy and due process of law.

Sincerely,

Karen K. Daniels

KKD/

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery Information visit our website at www.usps.com®

WASHINGTON DC 20224

| | | |
|---|---|---|
| Postage | $ $0.37 | 0100 |
| Certified Fee | $2.30 | 08 |
| Return Reciept Fee (Endorsement Required) | $1.75 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $4.42 | 08/20/2004 |

7003 1680 0002 0782 8783

Sent To  Don Caro & 7amrob

Street, Apt. No.;  RU Off
or PO Box No.   111 Const aul2k

City, State, ZIP+4  Wash, DC 2022

PS Form 3800, June 2002          See Reverse for Instructions

**FILE COPY**

**DANIELS LAW GROUP**
*Attorneys at Law*

778 Mulberry Street
Macon, Georgia 31201
(478) 741-3000 - Telephone
(478) 741-0003 - Facsimile



Workers' Compensation
Social Security Disability
Criminal/Indigent Defense

Elder Law Estate Planning
Medical/Professional Malpractice
Personal Injury & Wrongful Death

*December 3, 2004*

*Honorable Cono R. Namorato, Director*
*% Office of Professional Responsibility*
*Department of Treasury*
*Internal Revenue Service Center*
*1111 Constitution Ave., NW*
*Washington, DC 20224 N:C:SC:OPR*

CERTIFIED MAIL NO.: *7003 1680 0002 0777 1904*
RETURN RECEIPT REQUESTED

Re:    *Karen K. Daniels – SSN: 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*
       *Alleged professional matter; involving:*

       *NOTICE of OPR unprofessional behavior; and*
       *NOTICE of OPR failures to respond to correspondence; and*
       *NOTICE of OPR denial of due process; and*
       *NOTICE of Disclosure Violations (IRC §6103).*

Dear Mr. Namorato:

   *When this claim first commenced, one year and 11 months ago, Mr. Jonathan Huth, employee, OPR, received two letters[1] from me refuting and challenging the jurisdiction of any inquiry into my alleged practice before the Internal Revenue Service, which letters to date remain unanswered.*

---

[1] **FedEx Airbill Number:** 839003788925:  Letter to Jonathan Huth, shipped on May 6, 2003 and received on May 7, 2003 at 15:59 by H. Jackson; **FedEx Airbill Number** 841328365259, 2nd letter and Daniels' Affidavit shipped on July 11, 2003 and received on July 14, 2003 at 9:41a.m. by L. Jackson. *See* Letters and confirmation attached hereto as Exhibits 1 and 2, respectively.

*Your office received notification of Mr. Huth's unprofessional behavior by letter on or about the first week of August 2003, which also remains unanswered. If agency reorganization or personnel changes have occurred, the correspondence would/should have been forwarded to the proper office and/or person; consequently there is no excuse for such unprofessional behavior.*

*The aforementioned letters not only refuted the allegation(s), challenged jurisdiction, but also alternatively sought discovery and a hearing. Needless to say, these requests have been denied by the absolute and undeniable refusal of your office and subordinates to respond.*

*I also submitted Privacy and Freedom of Information Act Requests to the Disclosure Office seeking the documents necessary for Mr. Huth's pursuit of this action, with no response, as yet.*

*I'm sure you are aware that this behavior is not only unconscionable but additionally constitutes a gross violation of agency procedure and the law fixing response times to correspondence. The actions described above effectively and literally deny my administrative and fundamental rights to due process.*

*Mr. Huth's initial letter revealed knowledge of tax return and tax return information which would/should never have been disclosed had the proper procedures been followed by the referring branch and authorizing agent. This/these violations constitute violations of my privacy under the disclosure laws in IRC §6103.*

*I submitted a Privacy Act Request dated July 11, 2003 seeking copies of any and/or all Forms 2868, Powers of attorney and/or Declarations of Representation on file with the Chamblee Service Center. On July 16, 2003 the Disclosure Officer, M.P. Mahoney on behalf of Marie Twarog responded stating:*

*"We have conducted a thorough search of our files. There are no records responsive to your request." see Certified Copies of Privacy Act Request, IRS response and Envelope attached hereto as Exhibits 3, 4, and 5 respectively.*

*I have read Treasury Circular 230 and the corresponding regulations; therefore I am aware that unless I engaged in actual practice before the Service, disciplinary proceedings may not be instituted.*

*It is clear that a false complaint/report was filed; IRC §6103 disclosure violations have occurred; Mr. Huth and the employee authorizing the referral have demonstrated negligence and dereliction of their duty by failing to perform ordinary due diligence prior to initiating an inquiry.*

*Since on or about July 2004, I have communicated repeatedly with Mr. Keith Ott, OPR. After over a year and a half of repeated FOIA and PA requests, I was finally*

provided with all documentation in the possession of the OPR. It is instructive to note that to date, no documentation has been produced supporting this agency's jurisdiction over me as a non-practicing attorney before the IRS. Yet this case lingers on...

Additionally, in an attempt to find evidence supporting this agency's jurisdiction over me, Mr. Ott has had repeated communication with numerous individuals; another example of a breach of my rights to privacy and unauthorized disclosures of tax return and tax return information.

With this letter, Mr. Namorato, I request once again that you take all appropriate steps to protect my constitutional rights to privacy and due process of law.

Thanking you for your help in this matter I remain

Sincerely,

Karen K. Daniels

KKD/

cc:    Keith C. Ott, Senior Adviser, OPR

Honorable Jim Marshall

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Mono R. Nam cmate
   Director OPR
Internal Revenue Service
1111 Constitution ave., NC
Washington D.C. 20224
N:C: Sc: OPR
cono OPR

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Wanda Lassiter*   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
*Wanda Lassiter*   12·09·04

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☑ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7003 1680 0002 0777 1904

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1540



*1-3-05*
*delivered Wash DC*

# DANIELS LAW GROUP
### Attorneys at Law

778 Mulberry Street
Macon, Georgia 31201
(478) 741-3000 - Telephone
(478) 741-0003 - Facsimile

**COPY**

Workers' Compensation
Social Security Disability
Criminal/Indigent Defense

Elder Law Estate Planning
Medical/Professional Malpractice
Personal Injury & Wrongful Death

*December 27, 2004*

*Honorable Cono R. Namorato, Director*
*Office of Professional Responsibility*
*Department of Treasury*
*Internal Revenue Service Center*
*1111 Constitution Ave., NW*
*Washington, DC 20224 N:C:SC:OPR*


Exhibit **J**

CERTIFIED MAIL NO.: *7003 1680 0006 8417 0627*
RETURN RECEIPT REQUESTED

　　　*Re:　Karen K. Daniels – SSN: 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*

*Dear Mr. Namorato:*

　　　*Please note that on December 3, 2004, I mailed you a certified letter noticing you that one (1) year and eleven months ago this agency sent me a certified letter stating that the OPR was commencing a claim against me. I have also sent dozen of letters to various employees, the former Director and you refuting and challenging the jurisdiction of any inquiry into alleged Circular 230 violations on my behalf.*

　　　*Further, everyone involved in this matter has been noticed that pursuant to my due process rights, I am entitled to formal notice of alleged Circular 230 violations and evidence <u>supporting</u> said claims. To date, there has been no response to these repeated reasonable and lawful requests.*

　　　*I have also submitted Privacy and Freedom of Information Act Requests to the Disclosure Office in Atlanta and Washington, D.C. seeking the documents in support of this department's pursuit of this action, with, as par for this department, no response.*

　　　*This action or lack of action on the part of this department undeniably violates my fundamental rights to due process and privacy.*

Notice of Failure to Respond, Disclose, Violations of Privacy
Page 1 of 3

*Honorable Cono Namorato, Director*
*Office of Professional Responsibility*
*December 27, 2004*

    *I have also submitted repeated Privacy Act and FOIA Requests to Atlanta and Washington Disclosure offices seeking copies of any and/or all Forms 2868, Powers of attorney and/or Declarations of Representation. I have been consistently notified that after a thorough search of IRS' files, "there are no records responsive to your request." The OPR has been provided with copies of all correspondence I have received from the IRS in relation to this matter. Lastly, please note that if this department has evidence contrary to this statement, I hereby demand production of the same.*

    *Further, I have sent numerous requests to Mr. Keith Ott at the OPR requesting reference to and production of specific treasury Circular 230 sections I have allegedly violated and evidence showing that this department has jurisdiction over me, a non-practicing attorney before the IRS. To date I have not been provided with notice of such sections.*

    *Instructively, as I informed you with my last letter, several months ago Mr. Keith Ott at the OPR, acknowledged that this department has no evidence supporting jurisdiction over me and accordingly, stated to me that he would be recommending that the OPR's 'case' against me be dismissed. Contrarily, he called me a month later and again, without support of the same, said that this department was commencing action against me. The sections that he verbally informed me the OPR was proceeding on did not even exist. I notified Mr. Ott of this fact this month and again requested notice of Circular 230 sections I allegedly violated. To date, I have not been noticed with Circular 230 sections I have allegedly violated. Accordingly, this case lingers on. . .*

    *I think the facts of this case support my position that this department filed a complaint/report without verifying that it had jurisdiction over me and has permitted for two years, without jurisdiction nor justification, this case to linger on without any evidence supporting the same. As a result, I think you can understand the emotional distress this department's actions have caused me.*

    *Basically, Mr. Namorato, every OPR employee who has been involved in the investigation and institution of this case, including past Directors and you, has demonstrated negligence and dereliction of duty; such duty requiring ordinary due diligence prior to initiating an inquiry. And lastly, undeniably, this department has consistently committed disclosure violations against me and intentional violations of my right to due process of law.*

Honorable Cono Namorato, Director
Office of Professional Responsibility
December 27, 2004


Out of frustration with this department's repeated violations of my right to due process and intentional disclosure violations, I contacted Congressman Jim Marshall this month with the facts of this case. By letter, Mr. Marshall has assured me that he will "insist that all rules and regulations are followed to ensure your request receives fair and timely consideration".

I have also notified the Taxpayer Advoeacy Service, President Bush and the IRS Commissioner with complaints about this department's treatment of me. By carbon copy of this letter, I notify them once again.

With this letter, Mr. Namorato, I request once again that you take all appropriate steps to protect my constitutional rights to privacy and due process of law. If you refuse to do so, I demand, upon receipt of this letter, evidence supporting this department's actions and conduct toward me.

Thanking you for your help in this matter I remain

Sincerely,

Karen K. Daniels

KKD/

cc:    Keith C. Ott, Senior Adviser, OPR
       Honorable Jim Marshall
       President George W. Bush
       Honorable Mark W. Everson, Commissioner
       Internal Revenue Service


**UNITED STATES POSTAL SERVICE**®

# Track & Confirm

### Current Status

You entered 7003 1680 0006 8417 0627

Your item was delivered at 7:17 am on January 03, 2005 in
WASHINGTON, DC 20224.

*Shipment Details >*

### Notification Options

▸ **Track & Confirm by email**     <u>What is this?</u>     *Go.>*

**Track & Confirm**

Enter label number:

**Track & Confirm FAQs**


**POSTAL INSPECTORS**
Preserving the Trust

**site map  contact us  government services**
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use  Privacy Policy

**CERTIFIED MAIL**™

**SENDER: CO**███████████████████ **N ON DELIVERY**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

| A. Signature | |
| --- | --- |
| X | ☐ Agent |
| | ☐ Addressee |

B. Received by ( Printed Name )   C. Date of Delivery

1. Article Addressed to:

Hon. Cono R. Namorato, Dir
Office of Professional Resp.
Internal Revenue Service
Department of the Treasury
1111 Constitutional ao1 NW
Washington, D.C. 20224
N:C:SC:OPR

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7003 1680 0006 8417 0627

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

WASHINGTON DC 20224

| | | |
| --- | --- | --- |
| Postage | $ | $0.37 | 0100 |
| Certified Fee | $2.30 | 26 |
| | | Postmark |
| Return Receipt Fee (Endorsement Required) | $1.75 | Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| | | 12/27/2004 |
| Total Postage & Fees | $ | $4.42 | |

Sent To   Hon Cono Namorato

Street, Apt. No.;   1111 Consti ae0 NW
or PO Box No.

City, State, ZIP+4   Was hy D.C. 20224

PS Form 3800, June 2002          See Reverse for I

7003 1680 0006 8417 0627

F 07-176 JR

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS

Karen K. Daniels and a CLASS of attorneys, CPAs, Enrolled Preparers and Enrolled Actuaries, in like circumstances

88886

## DEFENDANTS

(See Attached List)  USA, ET AL

ORIGINAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)    District of Columbia

IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

88888

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Karen K. Daniels, Pro Se
778 Mulberry Street
Macon, Georgia 31201

CASE NUMBER   1:07CV00176

JUDGE: James Robertson

DECK TYPE: Pro se General Civil

DATE STAMP: 01/24/2007

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ◉ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☒ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

95

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Sections 1346(b), 1402(b), 2401(b) and 2671-2680- Plaintiff is filing suit against the United States of America for the negligent acts of its agents

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** _____    Check YES only if demanded in complaint    **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** N.F.    (See instruction)    YES ☐ NO ☒    If yes, please complete related case form

DATE 01/23/07    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence. Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States

III.    CITIZENSHIP OF PRINCIPAL PARTIES. This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV.    CASE ASSIGNMENT AND NATURE OF SUIT. The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION. Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY. If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form

# RECEIVED

JAN 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT